817 So.2d 1042 (2002)
Carl David GEIBEL, a/k/a Glen Geibel, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3127.
District Court of Appeal of Florida, Second District.
June 5, 2002.
*1043 James Marion Moorman, Public Defender, and Susan Martin, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Carl David Geibel appeals a judgment convicting him of armed robbery, arguing that the trial court erred in refusing to grant his motion for judgment of acquittal and motion for new trial. We affirm the trial court's decision to deny the motion for judgment of acquittal because there was competent, substantial evidence to allow the case to go to the jury. We reverse the judgment, however, because we cannot determine whether the trial court applied the proper standard in ruling on Mr. Geibel's motion for new trial. We remand for the trial court to reconsider the motion for new trial according to the appropriate standard and to enter an order accordingly.
On May 26, 2000, a woman was robbed at gunpoint while she sat in her car. The robber left no physical evidence, and the victim was the only eyewitness to the crime. Although the victim reported the crime immediately and gave police a description of the perpetrator, police were unable to locate a suspect in the immediate vicinity. In order to facilitate an investigation, the victim worked with law enforcement to make a composite sketch of the perpetrator.
On June 15, 2000, law enforcement prepared a photo pack and presented it to the victim to see whether she recognized the robber in the array of photos. She immediately chose Mr. Geibel's picture out of the photos. Based upon the victim's identification, Mr. Geibel was arrested and charged with armed robbery.
At trial, Mr. Geibel's counsel vigorously cross-examined the victim about the significant differences between the description of the perpetrator given by the victim at the time of the robbery and Mr. Geibel's actual physical appearance at the time of trial. For example, the eyewitness described the man who robbed her as in his mid-twenties, with long, dark brown, dirty hair, and light-colored eyes. The composite sketch drawn from the victim's description displayed a man with prominent dark, thick hair falling almost to the chin. In contrast, Mr. Geibel is in his mid-thirties and has brown eyes. The picture of him in the photo pack shows that he has a noticeable receding hairline with thin, short, light brown hair. A second photo of Mr. Geibel was submitted into evidence, which the State stipulated was taken two weeks before the robbery. In this photo, Mr. Geibel looks much the same as he did in the photo pack shown to the victim. Thus, there was no evidence that Mr. Geibel might have changed his appearance in the days following the robbery, nor did the victim believe the robber was wearing a wig or otherwise attempting to alter his appearance at the time of the incident. Despite these inconsistencies, the victim confirmed her identification of Mr. Geibel at trial, and the jury convicted Mr. Geibel of armed robbery.
*1044 After the verdict, Mr. Geibel filed a motion for new trial, arguing that the verdict was against the manifest weight of the evidence. See Fla. R.Crim. P. 3.600(b). Counsel for Mr. Geibel argued that eyewitness testimony was inherently unreliable, and given the discrepancies between the victim's initial description of the perpetrator and the actual physical appearance of Mr. Geibel, the jury could not reasonably have concluded, beyond a reasonable doubt, that Mr. Geibel was guilty of the crime. Counsel asked the trial court to sit as a "seventh juror" to reweigh the evidence and to "veto" the jury's verdict. In ruling on this motion, the trial judge stated:
As [the State] pointed out, [the victim] was examined very, very carefully and I, I don't find the legal basis. I mean, I appreciate [defense counsel's] argument, I understand why he feels the way he feels, I know why his client feels the way he feels, but I don't see that I have any legal basis to grant the new trial, so I'll deny the motion.
Mr. Geibel argues that the trial court's statement, "I don't find the legal basis," indicates that the trial judge was refusing to reweigh the evidence, and was instead applying a "sufficiency of the evidence" standard to the motion for new trial.
There is a distinction between the "sufficiency of the evidence" standard, used in determining whether a judgment of acquittal is appropriate, and the "weight of the evidence" standard used in evaluating a motion for new trial. Moore v. State, 800 So.2d 747 (Fla. 5th DCA 2001). "Sufficiency of the evidence" is a test of whether the evidence presented is legally adequate to permit a verdict. "Weight of the evidence" tests whether a greater amount of credible evidence supports one side of an issue or the other. State v. Hart, 632 So.2d 134, 135 (Fla. 4th DCA 1994). In deciding a motion for new trial pursuant to Florida Rule of Criminal Procedure 3.600(b) on the ground that the verdict is contrary to the weight of the evidence, the trial court acts as a "safety valve" by granting a new trial where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict. Moore, 800 So.2d at 749. Thus, this rule "enables the trial judge to weigh the evidence and to determine the credibility of witnesses so as to act, in effect, as an additional juror." Uprevert v. State, 507 So.2d 162, 163 (Fla. 3d DCA 1987) (quoting Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981)).[1] In this case, although the victim's testimony was sufficient to require the denial of the motion for judgment of acquittal, the evidence as a whole may have permitted the trial court to grant a motion for new trial based upon the manifest weight of the evidence.
Although appellate courts generally review a trial court's ruling on a motion for *1045 new trial based upon an abuse of discretion standard, a trial court's failure to apply the correct legal standard to a motion for new trial is a legal error subject to de novo review. Appellate courts have thus reversed judgments when the trial court applied a sufficiency of the evidence standard to a motion for new trial based upon the manifest weight of the evidence. See Moore, 800 So.2d 747; Hamid v. State, 782 So.2d 902 (Fla. 3d DCA 2001). In this case, although the trial judge was an experienced jurist who may have applied the proper standard, we are unable to establish whether he applied the correct standard from his oral pronouncement, particularly in light of his comment that he found no "legal basis" to support the motion. We emphasize that a trial court is not compelled to use "magic words" when ruling on a motion for new trial, but the ruling should demonstrate that the proper standard was applied to the motion.
Because we cannot tell if the trial court applied the proper standard, we reverse the judgment and remand this case for the trial court to reconsider the motion. If the trial court concludes the verdict is against the manifest weight of the evidence presented, it should grant Mr. Geibel's motion for new trial. If the trial court concludes the verdict is not against the manifest weight of the evidence, it may again deny the motion and enter a new judgment and sentence accordingly.
Affirmed in part; reversed in part; and remanded.
BLUE, C.J., and SILBERMAN, J., Concur.
NOTES
[1] It is understandable that trial judges are uncomfortable when attorneys argue that they should serve as an "additional juror" or the "seventh juror" in a criminal case. In a civil case, it is well established that a trial judge may not sit as a "seventh juror with veto power" in determining a motion for judgment notwithstanding the verdict. See, e.g., Laskey v. Smith, 239 So.2d 13, 14 (Fla.1970). In a criminal case, the State has a higher burden of proof than does a plaintiff in a civil case. Moreover, a criminal judgment has greater impact upon the defendant's due process liberty interest than does a civil judgment. Accordingly, the established precedent has appropriately given the trial court more power when considering a motion for new trial in a criminal case than in a civil case. It is helpful to remember that the decision of a jury in favor of a defendant invokes the bar of double jeopardy, whereas the trial judge's favorable ruling merely requires the case to be resolved by a second jury.