LAWSON, J.
 

 Clifford Fulword timely appeals the order denying his motion for new trial, filed after an Orange County jury found him guilty of robbery with a firearm and aggravated battery with a firearm. The State concedes that the trial court applied an incorrect legal standard when addressing Fulword’s motion. We agree, and reverse with directions that the trial court reconsider the motion, applying the correct standard.
 

 The State’s case against Fulword rested solely on the trial testimony of Shawn Swallow, the alleged victim. Swallow’s testimony was somewhat disjointed, and at times appeared inconsistent. Fulword’s new trial motion argued, in part, that the verdict was contrary to the weight of the evidence due to inconsistencies in Swallow’s account of the events at issue. In denying the motion, the trial court stated in pertinent part:
 

 
 *426
 
 Well, I think clearly the matter of credibility of witnesses is a matter for the jury, as is the issue of intent.
 

 It was the jury — jury’s job to determine credibility and the jury’s job to determine whether or not the State had proved the requisite intent on these two charges beyond a reasonable doubt.
 

 However, when considering a motion for new trial under Florida Rule of Criminal Procedure 3.600(a)(2), based on a claim that the verdict is against the weight of the evidence, the trial court must exercise its discretion to determine “whether a greater amount of
 
 credible
 
 evidence supports one side of an issue or the other.”
 
 Geibel v. State,
 
 817 So.2d 1042, 1044 (Fla. 2d DCA 2002) (citation omitted) (emphasis added);
 
 see also Moore v. State,
 
 800 So.2d 747, 749 (Fla. 5th DCA 2001) (when determining whether a verdict is contrary to the weight of the evidence, “ ‘the trial court acts as a safety valve by granting a new trial where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict’ ”) (quoting
 
 State v. Hart,
 
 632 So.2d 134, 135 (Fla. 4th DCA 1994)) (citation omitted). Thus, rule 3.600(a)(2) “ ‘enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror.’ ”
 
 Id.
 
 (quoting
 
 Tibbs v. State,
 
 397 So.2d 1120, 1123 n. 9 (Fla.1981),
 
 affirmed,
 
 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)). As conceded by the State, it does not appear from the trial court’s oral ruling that the judge applied this standard when considering Fulword’s motion for new trial. Accordingly, we reverse the order denying Fulword’s motion and remand the case back to the trial court to consider the weight of the evidence when ruling on his motion.
 
 E.g., Guebara v. State,
 
 856 So.2d 1087 (Fla. 5th DCA 2003) (concluding that the trial court applied the wrong standard when ruling on defendant’s motion for a new trial, and matter was remanded to the trial court to reconsider the motion);
 
 Moore,
 
 800 So.2d at 750 (reversing the order denying the motion for new trial and remanding case to the trial court to consider the weight of the evidence, rather than the sufficiency of the evidence, when ruling on the motion for new trial).
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 ORFINGER and TORPY, JJ., concur.