NORTHCUTT, Judge.
Robert Fergien appeals his convictions for sale and possession of methamphetamine. We reverse and remand for the trial court to reconsider his motion for new trial using the correct legal standard.
The charges against Fergien arose from an undercover drug deal involving a confidential informant. The defense attacked the informant’s credibility with evidence that she had pending drug charges and had been paid for her involvement in this transaction. Although the State produced an audio recording, it did not contain statements incriminating Fergien. Defense counsel made these points, among others, when arguing motions for judgment of acquittal, which were denied. Posttrial, counsel raised these same attacks on the State’s evidence and argued that the guilty verdict was contrary to the weight of the evidence. The prosecutor countered that “there was sufficient evidence to prove this *908 case beyond a reasonable doubt.” The trial court then denied the motion, observing that “it’s essentially the same argument that was made for judgment of acquittal” and that “the previous rulings are appropriate still.”
Fergien argues on appeal that we should reverse because the record does not indicate whether the trial court applied the correct legal standard when considering his motion for new trial. In a criminal case, motions for judgment of acquittal and for new trial are decided under different tests. Compare Fla. R.Crim. P. 3.380(a) (directing judgment of acquittal when trial court “is of the opinion that the evidence is insufficient to warrant a conviction”), with Fla. R.Crim. P. 3.600(a)(2) (directing new trial when “verdict is contrary to ... the weight of the evidence”). On the one hand, a motion for judgment of acquittal tests the sufficiency of the evidence; a trial court must determine “whether the evidence presented is legally adequate to permit a verdict.” Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002). On the other hand, a motion for new trial tests the weight of the evidence; a trial court must weigh the evidence and determine credibility just as a juror is required to do. Id.
The ruling on a motion for new trial is generally reviewed for an abuse of discretion, but the legal standard under which the trial court decided the motion is reviewed de novo. Id. at 1045. When the record does not reveal whether the proper standard was applied, appellate courts have reversed and remanded for the limited purpose of having the motion reconsidered under the correct standard. Id. (“If the trial court concludes the verdict is not against the manifest weight of the evidence, it may again deny the motion and enter a new judgment and sentence accordingly.”); see also Spear v. State, 860 So.2d 1080 (Fla. 1st DCA 2003) (same).
Here, the record does not clearly reflect what standard was applied by the trial court. Fergien’s argument challenged the weight of the evidence, the State’s response focused on its legal sufficiency, and the trial court referred to its ruling on the motions for judgment of acquittal, which were decided based on sufficiency. Thus, we are unable to conclude that the trial court properly determined that the motion for new trial should be denied based on the weight rather than the sufficiency of the evidence. We reverse and remand for the trial court to reconsider the motion using the correct legal standard.
We note that Fergien has asked to file supplemental briefs challenging the constitutionality of section 893.13, Florida Statutes (2008). See Shelton v. Sec’y, Dep’t of Corr., 802 F.Supp.2d 1289 (M.D.Fla.2011). By contemporaneous order, we deny the motion without prejudice to his raising this issue below if a new trial is granted. If the motion for new trial is denied, Fergien may raise this issue on appeal.
Reversed and remanded with directions.
SILBERMAN, C.J., and DAVIS, J., Concur.