WALLIS, J.
Martin J. Peterson (“Appellant”) appeals his judgment and life sentence after he was found guilty of five counts of sexual battery and one count of lewd or lascivious molestation on his adopted daughter. Appellant raises multiple issues on appeal, all of which are without merit except one — whether the trial court applied the correct legal standard when evaluating Appellant’s motion for a new trial pursuant to Florida Rule of Criminal Procedure 3.600.[1]
Appellant argues — and the State expressly admits — that the trial court erred by stating it would not reweigh credibility, as follows:
THE COURT: All right. Then on the amended motion having to do with me reweighing the credibility of the victim witness, the amended motion is gonna be denied.
DEFENSE: As to argument one, the first argument I presented?
THE COURT: Yes.
DEFENSE: Okay.
THE COURT: With regard to conflicts in the testimony and the credibility of the victim witness, I’m not going there. That was for the jury to decide and they decided those issues.
We previously held in Fulword v. State, 29 So.3d 425, 426 (Fla. 5th DCA 2010), that where a criminal defendant moves for a new trial pursuant to Florida Rule of Criminal Procedure 3.600(a)(2), the “trial court must exercise its discretion to determine ‘whether a greater amount of credible evidence supports one side of an issue or the other.’ ” (quoting Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002)). This requires the trial judge to act, in effect, as an additional juror by weighing the evidence and evaluating the credibility of witnesses. Id. Here, the trial court did not apply this standard. Accordingly, we affirm Appellant’s meritless issues but reverse and remand for the trial court to apply the correct legal standard when considering Appellant’s motion for new trial.
*221 AFFIRMED in part; REVERSED in part, and REMANDED with instructions.
PALMER and COHEN, JJ., concur.

. "Although appellate courts generally review a trial court’s ruling on a motion for new trial based upon an abuse of discretion standard, a trial court’s failure to apply the correct legal standard to a motion for new trial is a legal error subject to de novo review.” Geibel v. State, 817 So.2d 1042, 1044-45 (Fla. 2d DCA 2002).