PALMER, J.
Jamie King (the defendant) appeals his judgment.and sentences, which were entered by the trial court after a jury found him guilty of committing the crimes of battery, petit theft, and sexual battery. He raises one issue that merits relief.
The defendant filed a post-trial motion seeking a new trial pursuant to rule 3.600 of the Florida Rules of Criminal Procedure.[1] The motion alleged, inter alia,, that the jury’s, verdict was contrary to the weight of the evidence. The trial court denied the motion, ruling: ■ , .
As to. the-first point, the weight of the evidence the — of course, the issues boil down to credibility, and those were factual determinations to be made by the jury. The jury did make those factual determinations adverse to the Defendant. And the Court will deny the motion on that ground,
The defendant argues that this ruling was erroneous because the trial court failed to exercise ■ its- discretion to determine whether a greater amount of credible *1072 evidence supported the State’s case. We agree.
In Fulword v. State, 29 So.3d 425 (Fla. 5th DCA 2010), our court explained that, when reviewing a claim that the jury’s verdict was contrary to the weight of the evidence, the trial court must exercise its discretion to determine whether a greater amount of credible evidence supports one side of an issue or the other.
[R]ule 3.600(a)(2) “ ‘enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror.’” [State v. Hart, 632 So.2d 134, 135 (Fla. 4th DCA 1994) ](quoting Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)).
Id. at 426.
The State properly concedes that it does not appear from the trial court’s verbal ruling that the court applied the proper standard of review when considering the defendant’s new trial motion. Accordingly, we reverse the trial court’s denial of the motion for new trial and remand for consideration of the motion pursuant to the correct standard. See Fulword v. State, 29 So.3d at 426; Moore v. State, 800 So.2d 747, 750 (Fla. 5th DCA 2001). In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; REMANDED.
BERGER, J., concur.
SAWAYA, J., concurring with opinion.

. In pertinent part, the rule reads:
Rule 3.600. Grounds for New Trial
(a) Grounds for Granting. The court shall grant a new trial if any of the following grounds is established.
[[Image here]]
(2) The verdict is contrary to law or the weight of the evidence.