PER CURIAM.
Appellant was convicted of three offenses (attempted second-degree murder, attempted armed robbery while masked, and armed burglary of a dwelling) arising *331 out of a single criminal episode. The jury found that Appellant actually possessed a firearm during the commission of each offense, and the trial court imposed three consecutive 10-year mandatory minimum terms pursuant to the 10-20-Life statute and this court’s decision in Walton v. State, 106 So.3d 522 (Fla. 1st DCA 2013) (en banc), review granted, 145 So.3d 830 (Fla. 2014). ‘ On appeal, Appéllant argues the trial court erred in imposing consecutive mandatory minimum terms because Walton was wrongly decided.[1]
During the pendency of this appeal, the Florida Supreme Court held in Williams v. State, 186 So.3d 989 (Fla.2016), that
consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged. It follows, therefore, that a trial court must impose the mandatory minimum sentences concurrently under such circumstances.
Id. at 993. Williams effectively abrogated Walton ’s holding that trial courts are authorized to “stack” mandatory minimum terms under the 10-20-Life statute even when the defendant did not discharge a firearm.
Williams is controlling here because, although there,was- evidence that Appellant discharged a firearm during commission of the offenses (indeed, one of the victims was shot twice in the leg), the jury only found that Appellant possessed a firearm during commission of the offenses.[2] Accordingly, it was error for the trial court to impose consecutive mandatory minimum terms.
In sum, for the reasons stated above, we affirm Appellant’s convictions, but reverse his sentence and remand for imposition of concurrent mandatory minimum terms in accordance with Williams.
AFFIRMED in part; REVERSED and REMANDED in part.
WETHERELL, MAKAR, and WINOKUR, JJ., concur. -

. Appellant does not challenge his,convictions or any other aspect of his sentence.

. The original information alleged that Appellant possessed and discharged a firearm during commission of the offenses, but the information was subsequently amended to allege only possession. As a result, the verdict form did not ask the jury to determine whether Appellant discharged a firearm during commission of the offenses, and for purposes of "stacking” the mandatory mínimums under the 10-20-Life statute, this is a possession case not a discharge case.