IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANIEL SCOTT PALMER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1967

Opinion filed August 16, 2016.

An appeal from the Circuit Court for Clay County.
Don H. Lester, Judge.

Nancy A. Daniels, Public Defender, Susannah C. Loumiet, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Thomas H. Duffy and Kristen Lynn Bonjour, Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals his judgment and sentence for two counts of aggravated assault with a deadly weapon and two counts of simple assault, raising four issues on appeal. We find merit as to two issues, and reverse for further proceedings consistent with this opinion.

Appellant first asserts that the trial court reversibly erred in failing to apply the correct standard to Appellant's motion for new trial. The State properly concedes that the trial court erred in applying a sufficiency of the evidence standard, and that the correct standard was the weight of the evidence. See Spear v. State, 860 So. 2d 1080 (Fla. 1st DCA 2003). Accordingly, we reverse and remand for the trial court to consider Appellant's motion for new trial. As we previously noted in Spear:

> Upon remand, if the trial court concludes that the verdict is against the weight of the evidence, it should grant the motion for new trial. In the event the trial court concludes that the verdict is not against the weight of the evidence, it may again deny the motion and enter a new judgment and sentence accordingly. See Adams v. State, 417 So.2d 826 (Fla. 1st DCA 1982); see also Geibel v. State, 817 So.2d 1042 (Fla. 2d DCA 2002).

Id. at 1080.

On remand, if the trial court grants the motion for new trial, it need not address the second error in this appeal; however, if the trial court denies Appellant's motion for new trial, it will also need to conduct further proceedings as to sentencing. In particular, we find merit in Appellant's fourth issue raised on appeal, arguing that the trial court erred in imposing consecutive mandatory minimum sentences as to the two counts of aggravated assault with a deadly weapon under the 10-20-Life sentencing scheme based on the Florida Supreme Court's recent opinion in Williams v. State, 186 So. 3d 989 (Fla. 2016). This court

2

has recently concluded that <u>Williams</u> effectively abrogated this court's holding in <u>Walton v. State</u>, 106 So. 3d 522 (Fla. 1st DCA 2013) (en banc), review granted, 145 So. 3d 830 (Fla. 2014) (holding trial courts are authorized to "stack" mandatory minimum terms under 10-20-Life statute even when the defendant did not discharge a firearm). <u>See</u> <u>Palmer v. State</u>, 189 So. 3d 330 (Fla. 1st DCA 2016). Here, the jury only found that Appellant *possessed* a firearm during the commission of the two counts of aggravated assault. For the reasons stated above, we remand for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

B.L. THOMAS, WINOKUR, and JAY, JJ., CONCUR.