# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2818
_____

LARRY JORDAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda McCallum, Judge.

April 20, 2018

WOLF, J.

Appellant challenges his judgment and sentence for one count of possession of a firearm by a convicted felon, raising two issues on appeal. We find merit as to appellant's claim that the trial court erred in applying a sufficiency of the evidence standard to his motion for a new trial. We find no merit as to the second issue raised by appellant.

Appellant was tried for possessing a firearm while being a convicted felon. After the presentation of evidence and closing arguments, the jury found appellant guilty. Appellant then filed a motion for a new trial, arguing in part that the verdict was against the manifest weight of the evidence. At the sentencing hearing, defense counsel specifically argued that the verdict was

contrary to the weight of the evidence because the witnesses presented by the State were biased and could not provide a clear description of the firearm. The trial court then ruled, "All right. I will deny the motion for new trial. *The jury did not agree with that position and they found him guilty beyond a reasonable doubt, so I will deny the motion.*" (emphasis added).

While we generally review a trial court's denial of a motion for a new trial under the abuse of discretion standard, we review whether the trial court employed the proper standard de novo. *Velloso v. State*, 117 So. 3d 903, 905 (Fla. 4th DCA 2013); *Geibel v. State*, 817 So. 2d 1042, 1044-45 (Fla. 2d DCA 2002).

A motion for new trial requires a trial court to evaluate whether a jury's verdict is contrary to the weight of the evidence and to act, in effect, as an additional juror. Fla. R. Crim. P. 3.600(a)(2); *Tibbs v. State*, 397 So. 2d 1120, 1123 n.9 (Fla. 1981). This standard is different than the one used by a court in ruling on a motion for a judgment of acquittal, which utilizes a sufficiency of the evidence standard. *Velloso*, 117 So. 3d at 905. Although a trial court is not required to use "magic words" when ruling on a motion for a new trial, it is reversible error for the trial court to utilize the wrong standard. *Palmer v. State*, 196 So. 3d 1289 (Fla. 1st DCA 2016); *Velloso*, 117 So. 3d at 905; *Ferebee v. State*, 967 So. 2d 1071, 1073 (Fla. 2d DCA 2007).

In the instant case, when the trial court said the jury did not agree with appellant's argument so the court would not either, the trial court implied that it denied appellant's motion because there was sufficient evidence to allow the jury to reach a decision. Thus, the trial court impermissibly used a sufficiency of the evidence standard in evaluating the motion. *Palmer*, 196 So. 3d at 1289-90; *Fulword v. State*, 29 So. 3d 425, 426 (Fla. 5th DCA 2010); *Geibel*, 817 So. 2d at 1045. The trial court also impermissibly abrogated its responsibility to determine whether a verdict is against the manifest weight of the evidence independently of the jury.

As we have previously held, "Upon remand, if the trial court concludes that the verdict is against the weight of the evidence, it should grant the motion for new trial. In the event the trial court

2

concludes that the verdict is not against the weight of the evidence, it may again deny the motion and enter a new judgment and sentence accordingly." *Palmer*, 196 So. 3d at 1290 (quoting *Spear v. State*, 860 So. 2d 1080 (Fla. 1st DCA 2003)).

REVERSED and REMANDED.

ROBERTS and WETHERELL, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Kevin Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.