# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D17-1319
1D17-1539
1D17-1540
(Consolidated for disposition)

_____

CHRISTOPHER MAURICE BELL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
James Daniel and Jack Schemer, Judges.

May 10, 2018

PER CURIAM.

Christopher Bell was charged in three separate cases with three separate burglaries. He had three separate trials and got three separate guilty verdicts. He then filed three separate motions for new trial, each raising the same two arguments: (1) that the trial court erred in denying motions for judgment of acquittal and (2) that the verdict was contrary to the weight of the evidence. The presiding judges denied the motions, discussing only the sufficiency-of-the-evidence arguments. In his three appeals, which we consolidate for disposition, Bell argues that the judges erred by applying the wrong legal standard. We review this issue

de novo. *See Fergien v. State*, 79 So. 3d 907, 908 (Fla. 2d DCA 2012).*

Motions for judgment of acquittal and motions for new trial are decided under different standards. *Compare* Fla. R. Crim. P. 3.380(a) (directing a court to enter a judgment of acquittal in response to a defense motion when "the court is of the opinion that the evidence is insufficient to warrant a conviction") *with* Fla. R. Crim. P. 3.600(a)(2) (directing a court to grant a new trial if "[t]he verdict is contrary to law or the weight of the evidence"). While the former tests the sufficiency of the evidence, the latter requires the trial court to weigh the evidence and determine credibility just as a juror would. *See Fergien*, 79 So. 3d at 908. This Court has previously reversed the denial of a new-trial motion when the trial court applied, or appeared to apply, the wrong legal standard. *See Palmer v. State*, 196 So. 3d 1289 (Fla. 1st DCA 2016) (reversing after trial court applied a sufficiency-of-the-evidence standard instead of weight-of-the-evidence standard); *Spear v. State*, 860 So. 2d 1080 (Fla. 1st DCA 2003) (reversing because "the trial court's findings indicate that the court may have applied" the incorrect standard).

Here there is nothing to indicate the trial judges applied the wrong standard. Bell raised both sufficiency-of-the-evidence and weight-of-the-evidence arguments in his new-trial motions. While the judges' oral rulings only addressed the standard for the sufficiency arguments, it does not follow that the judges applied the sufficiency standard to the weight-of-the-evidence arguments. *Cf. Adams v. State*, 417 So. 2d 826, 828 (Fla. 1st DCA 1982) ("Although the motion for new trial raised the weight of the evidence issue, the order denying the motion is worded in such a way as to indicate the trial court may have limited itself to the sufficiency of evidence standard."). The judges had separate legal issues before them, and the record does not suggest that they

---

* In cases 17-1319 and 17-1539, counsel argued this issue as the sole basis for reversal. In case 17-540, counsel filed an *Anders* brief, asserting there was no colorable basis for reversal. In that case, we directed counsel to file a supplemental brief raising this issue, and counsel ably did so.

applied the same standard to both. In other words, Bell has not met his burden to demonstrate error on appeal.

AFFIRMED.

OSTERHAUS and WINSOR, JJ., concur; WOLF, J., dissents with written opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

WOLF, J., dissenting.

While I agree that reversal is not required if a trial judge rules on a motion for new trial and "there is nothing [in the record] to indicate the trial judge applied the wrong standard," here it is at the very least unclear what standard the trial court used. In such cases reversal and remand for clarification are required by precedent. *See, e.g., Adams v. State*, 417 So. 2d 826, 828 (Fla. 1st DCA 1982) (reversing where the order denying the motion for new trial was "worded in such a way as to indicate the trial court *may have limited itself to* the sufficiency of evidence standard") (emphasis added).

In this case, appellant made a motion for a new trial, arguing: (1) the verdict was contrary to the weight of the evidence; and (2) the court erred in denying appellant's motion for judgment of acquittal.

In denying the motion, the court made the following ruling:

All right. *The motion is denied. We dealt with this at the trial.* I don't know that there's – I can add much more to it. It is a circumstantial evidence case from the standpoint of intent. Most cases of burglary usually are circumstantial in nature as far as proof of the defendant's intent. I think there's evidence here that would rebut, if believed by the jury, which it was apparently, *that would*

3

*rebut the reasonable hypothesis of innocence* that hereby the defense was essentially I just went to trespass, is essentially what the defense is arguing, and you've got – you've got forced entry and *some of the other pieces of evidence that would support that it was done with an intent to go in and commit the act of theft.* So I'm – I'm denying it.

(Emphasis added). The trial court made no mention in its ruling of the manifest weight of the evidence test that it was supposed to apply in ruling on a motion for new trial.

In a criminal case, motions for judgment of acquittal and for new trial are decided under different tests. *Compare* Fla. R. Crim. P. 3.380(a) (directing judgment of acquittal when the trial court "is of the opinion that the evidence is insufficient to warrant a conviction"), *with* Fla. R. Crim. P. 3.600(a)(2) (directing new trial when "verdict is contrary to . . . the weight of the evidence"). On the one hand, a motion for judgment of acquittal tests the *sufficiency* of the evidence; a trial court must determine "whether the evidence presented is legally adequate to permit a verdict." *Geibel v. State*, 817 So. 2d 1042, 1044 (Fla. 2d DCA 2002). On the other hand, a motion for new trial tests the *weight* of the evidence; a trial court must weigh the evidence and determine credibility just as a juror is required to do. *Id.* Case law is uniform that where it is ambiguous or unclear which standard has been applied by the trial court, reversal is required.

In *Jordan v. State*, No. 1D17-2818 (Fla. 1st DCA Apr. 20, 2018), this court recently determined where the trial court's words "implied" that it was using the wrong standard, we were required to reverse. In *Spear v. State*, 860 So. 2d 1080 (Fla. 1st DCA 2003), we found that "[b]ecause the trial court's findings indicate that the court *may* have applied the sufficiency of the evidence standard instead of the weight of the evidence, we reverse . . . ." (Emphasis added).

This interpretation is consistent with a long line of cases from other districts. In *Fergien v. State*, 79 So. 3d 907 (Fla. 2d DCA 2012), much like the instant case, the defendant's motion for new trial included an argument that the verdict was against the

4

manifest weight of the evidence. The State's response focused on the verdict's legal sufficiency, and the trial court's order denying the motion referred only to its ruling on the motions for judgment of acquittal. The Second District reversed because it was "unable to conclude that the trial court properly determined that the motion for new trial should be denied based on the weight rather than the sufficiency of the evidence." *Id.* at 908.

In *Geibel*, 817 So. 2d at 1044-45, the Second District held that it was reversible error for the trial court to deny a motion for new trial by simply saying, "I don't see that I have any legal basis to grant a new trial, so I'll deny the motion." The Second District reversed because it could not tell whether the trial court applied the proper standard.[*] *Id.*

In *Fulword v. State*, 29 So. 3d 425 (Fla. 5th DCA 2010), the trial court orally denied a motion for new trial based on the manifest weight of the evidence stating, "Well, I think clearly the matter of credibility of witnesses is a matter for the jury, as is the issue of intent." The Fifth District reversed because it did not appear the trial court applied the right standard. *Id.*

In *Lee v. State*, 117 So. 3d 848, 849 (Fla. 5th DCA 2013), the Fifth District stated, "In the present case it is unclear whether or not the trial judge applied the correct standard in denying the motion for new trial. Indeed the State agrees that because the record on the issue is ambiguous, a new hearing on [the defendant's] motion is appropriate. We agree." The Fourth District in *Velloso v. State*, 117 So. 3d 903, 906 (Fla. 4th DCA 2013), cited this legal principle with approval, stating, "Even if it were simply *unclear* as to whether the trial court applied the correct standard, reversal . . . would be required." (Emphasis added).

---

[*] In *Geibel v. State*, 817 So. 2d 1042 (Fla. 2d DCA 2002), the Second District appears to say that even if there is no indication that the sufficiency of the evidence standard was applied, reversal was required. It is unnecessary for us to go that far in this case because there are many indications that the wrong standard was utilized.

The wording of the order in this case, especially the previously emphasized words, indicates the trial court was utilizing the sufficiency of the evidence standard rather than the manifest weight of the evidence standard in ruling on the entire motion.

In the first part of the order, the judge stated he was denying the motion because he dealt with it at trial. This statement indicates he used the sufficiency of the evidence standard, because the manifest weight of the evidence standard would not have been at issue during the trial. In addition, the judge's reference to there being evidence that would rebut the reasonable hypothesis of innocence, if believed by the jury, also appears strictly to deal with the sufficiency of the evidence standard. The judge's concluding statement focused on the sufficiency of the evidence to demonstrate intent, which was also a reference to the sufficiency of the evidence standard.

In cases such as this where a motion for new trial is based at least in part on the argument that the verdict was against the manifest weight of the evidence, and the trial court only made statements related to the sufficiency of the evidence standard in denying the motion, precedent requires us to reverse and remand for the trial court to rule on the motion using the correct standard.

———————————————

Andy Thomas, Public Defender, and Kathryn Lane and Jasmine Russell, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Holly N. Simox, and Daniel Krumbholz, Assistant Attorneys General, Tallahassee, for Appellee.

6