# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4436
_____

CHAD VAUGHN MORELAND,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

September 5, 2018

PER CURIAM.

Chad Vaughn Moreland appeals his conviction for resisting an officer with violence, claiming that the trial court used the wrong standard in denying his motion for a new trial. We disagree and affirm.

After a jury found Appellant guilty of resisting an officer with violence, Appellant moved for a new trial. His motion claimed that the court erred in three prior rulings and that the verdict was against both the weight and sufficiency of the evidence. Appellant listed five reasons specifically that he was due a new trial:

1. The Court erred in not granting Defendant's Motion for Judgment of Acquittal made at the close of the State's case.

2. The Court erred in not granting Defendant's Motion for Judgment of Acquittal made at the close of all the evidence.

3. The verdict is contrary to the weight of the evidence.

4. The verdict is contrary to the law.

5. The Court erred in denying the Defendant's [earlier] motion for mistrial . . . .

At a hearing, the court summarily denied Appellant's new trial motion saying: "The Court will rely on the rulings previously made in this case, and I will deny the motion for new trial at this time."

Appellant now argues that we should reverse because the trial court used the wrong standard in denying his new trial motion. He asserts that instead of acting as an "additional juror" to weigh the evidence, the trial court incorrectly applied a sufficiency of the evidence standard. *See Moore v. State*, 800 So. 2d 747, 749 (Fla. 5th DCA 2001) ("[I]n deciding a motion for new trial which asserts that the verdict is contrary to the weight of the evidence, the trial court acts as a safety valve by granting a new trial where the evidence is technically sufficient . . . but the weight of the evidence does not appear to support the jury verdict."). Appellant makes much of the trial court's stated reliance on previous rulings to further its point.

But we do not agree that the language in the trial court's order shows that it used the wrong standard. We recognize first that "[a] trial court is not compelled to use 'magic words' when ruling on a motion for new trial." *Velloso v. State*, 117 So. 3d 903, 905 (Fla. 4th DCA 2013). In this instance, the trial court's ruling included two independent clauses that directly corresponded with the motion's arguments. The judge stated: "*The Court will rely on the rulings previously made in this case*, <u>and I will deny the motion for new trial at this time</u>." (Emphasis added). We understand the initial

(italicized) part of this statement to correspond to the challenges stated in the new trial motion to the court's previous orders (see reasons 1, 2, and 5 above). The trial court decided at the hearing that it would not depart from its previous rulings on the motions for JOA and mistrial.

The other part of the trial court's ruling (see underlined above) simply denied the new trial motion without any comment. The court's subsequent written order also cursorily "Denied" the new trial motion without an explanation. Nothing in this summary style of denying the motion suggests that the trial court mistook or failed to apply the correct new trial standard. In the absence of demonstrated error, orders on new trial motions come to appellate courts cloaked with a presumption of correctness in which reasonable inferences and deductions must be taken in a manner favorable to affirming a trial court's ruling, not reversing it. *See, e.g.*, *Allstate Ins. Co. v. Wood*, 535 So. 2d 699, 700 (Fla. 1st DCA 1988) (noting that new trial rulings "will not be disturbed unless it appears clear and patent on the record that prejudicial error occurred"). *See also Ward v. Hopkins,* 81 So. 2d 493, 494 (Fla. 1955) ("It is well settled that the granting or denying of a motion for a new trial rests in the sound judicial discretion of the trial Judge and that his order is entitled to a presumption of correctness.").

We therefore affirm, because this is not a case in which the order's language shows that the trial court employed an incorrect legal standard. *Compare, e.g.*, *Velloso*, 117 So. 3d at 905 (reversing where "the record shows that the trial court incorrectly applied a sufficiency of the evidence standard") *with Bell v. State*, 2018 WL 2139335 *1 (Fla. 1st DCA, May 10, 2018) (affirming where appellant failed to demonstrate error).

AFFIRMED.

B.L. THOMAS, C.J., and OSTERHAUS J., concur; BILBREY, J., dissents with written opinion.

3

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

BILBREY, J., dissents.

Chad Vaughn Moreland challenges his conviction for resisting an officer with violence arguing the trial court erred by employing the wrong standard while considering his motion for a new trial. I agree and would reverse and remand for additional proceedings. Because the majority affirms, I respectfully dissent.

After the jury returned a guilty verdict, Moreland moved for a new trial raising several grounds including the ground that the verdict was contrary to the weight of the evidence. Moreland also argued that the verdict was contrary to law, that the trial court erred in denying his motions for a judgment of acquittal, that the trial court erred in denying his motion for a mistrial, and that the trial court erred in denying an objection made with regard to the State's rebuttal closing argument. The trial court later heard additional argument on the motion for a new trial, and after such argument was concluded, the trial court announced: "The Court will rely on the rulings previously made in this case, and I will deny the motion for new trial at this time." A written order thereafter entered summarily denying the new trial motion.

Moreland argues that the trial court used an incorrect standard when denying his new trial motion. I agree. As this court has recently explained, "[a] motion for new trial requires a trial court to evaluate whether a jury's verdict is contrary to the weight of the evidence and to act, in effect, as an additional juror." *Jordan v. State*, 244 So. 3d 1178, 1179 (Fla. 1st DCA 2018) (citing Fla. R. Crim. P. 3.600(a)(2); *Tibbs v. State*, 397 So. 2d 1120, 1123 n.9 (Fla. 1981)). The standard governing a motion for a new trial is different from the one used by a court in ruling on a motion for a judgment of acquittal, which looks at the sufficiency of the evidence. *Jordan*; *see also Velloso v. State*, 117 So. 3d 903, 905 (Fla. 4th DCA 2013). The standard regarding a new trial motion

4

also differs from the standard governing a motion for a mistrial which requires a trial court to evaluate an error to determine if it is "so prejudicial that it vitiates the entire trial, depriving the defendant of a fair proceeding." *Jennings v. State*, 123 So. 3d 1101, 1125 (Fla. 2013) (quoting *Floyd v. State*, 913 So. 2d 564, 576 (Fla. 2005)). Needless to say, a trial court is not acting as a juror when it passes on an evidentiary objection or when it considers an objection to closing argument.

As the majority observes, "[a] trial court is not compelled to use 'magic words' when ruling on a motion for new trial, but the ruling should demonstrate that the court applied the proper standard to the motion." *Velloso*, 117 So. 3d at 905 (quoting *Geibel v. State*, 817 So. 2d 1042, 1045 (Fla. 2d DCA 2002)). In referencing its prior rulings, the trial court here was no doubt referring to its prior denial of Appellant's motions for a judgment of acquittal and the motion for mistrial, as well as its ruling as to closing argument. Such prior rulings would not have required the trial court to have acted as "an additional juror" in assessing the weight of the evidence against Appellant as required by rule 3.660(a)(2), Florida Rules of Criminal Procedure, and the case law interpreting the rule. The explicit reference to prior rulings distinguishes the instant case from *Bell v. State,* -- So. 3d --, 43 Fla. L. Weekly D1052c, D1052c, 2018 WL 2139335, *1 (Fla. 1st DCA May 2018), where there was "nothing to indicate" the wrong standard was employed. Further, the parsing of the trial court's ruling, which was an oral ruling memorialized by a court reporter, identifies one possible interpretation, but does not establish a definitive one. It should be noted that "[e]ven if it were simply unclear as to whether the trial court applied the correct standard, reversal for a new hearing on the motion for new trial would be required." *Velloso*, 117 So. 3d at 906.

Accordingly, I would reverse and remand to the trial court to determine whether the verdict was against the weight of the evidence. In such a case, if the trial court were to conclude that the verdict was not contrary to the weight of the evidence, it could again deny the motion for a new trial and thereafter enter a new judgment and sentence. *See Jordan*; *Palmer v. State*, 196 So. 3d 1289, 1290 (Fla. 1st DCA 2016).

5

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Amanda Stokes, Assistant Attorney General, Tallahassee, for Appellee.