# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4324
_____

ANDRE DESHON JENKINS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Jack Schemer, Judge.

November 30, 2018

M.K. THOMAS, J.

Andre Deshon Jenkins was found guilty of second-degree murder. A jury of his peers also concluded that during the commission of the offense, he discharged a firearm causing death or great bodily harm. In this direct appeal of his judgment and sentence, Jenkins raises five issues. We affirm but write to address his argument that the trial judge erred in denying his request for a new trial.

Jenkins asserts the trial court applied an incorrect standard to his request for a new trial by using a sufficiency-of-the-evidence analysis. The record does not support this contention. The trial court need not use "magic words" when ruling on a motion for new trial and the record must not indicate the trial judge applied the wrong standard in ruling on the issues raised in the motion.

*See Bell v. State*, 248 So. 3d 208 (Fla. 1st DCA 2018). This Court has reversed when the trial court "applied, or appeared to apply, the wrong standard." *Id.* at 209-10 (citing *Palmer v. State*, 196 So. 3d 1289 (Fla. 1st DCA 2016) (reversing after trial court applied a sufficiency-of-the-evidence standard instead of weight-of-the-evidence standard); *Spear v. State*, 860 So. 2d 1080 (Fla. 1st DCA 2003) (reversing because "the trial court's findings indicate that the court may have applied" the incorrect standard)).

"Motions for judgment of acquittal and motions for new trial are decided under different standards." *Bell*, 248 So. 3d at 209. The former test reviews the sufficiency of the evidence, while the latter "requires the trial court to weigh the evidence and determine credibility just as a juror would." *Id.* (citing *Fergien v. State*, 79 So. 3d 907, 908 (Fla. 1st DCA 2012).

Here, the trial judge regarded Jenkins's motion for new trial as also raising argument for a judgment of acquittal. Because dual arguments were raised in the pleading, the applicable standards were weight-of-the-evidence and sufficiency- of-the-evidence, respectively. While a portion of the trial judge's oral rulings encompassed the specific phrase "sufficiency of the evidence," this was during discussion of a Texas case in which sufficiency of the evidence to convict was the sole issue. *Gutierrez v. State*, No. 04-00674-CR, 2010 WL 3443209, at *2, *5 (Tex. Ct. App. Sept. 1, 2010). The record also confirms the trial judge meticulously reviewed and commented on the evidence submitted at trial. Having two distinct legal issues before him, the trial judge correctly applied the evidentiary standards. As Jenkins has failed to meet his burden to demonstrate error on appeal, we affirm.

AFFIRMED.

ROWE and KELSEY, JJ., concur.

—————————————————

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

—————————————————

2

Andy Thomas, Public Defender, and Joanna A. Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.