# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1959

_____

JESSE ELI BAKER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

December 27, 2018

RAY, J.

Jesse Eli Baker appeals his judgment and sentence for two counts of armed robbery. Of the issues presented, we find merit in his assertion that the trial court applied the wrong legal standard in ruling on his motion for new trial on the ground that the verdicts were contrary to the weight of the evidence. We affirm on the other issues without further comment.

After the jury returned guilty verdicts, Baker moved for a new trial, raising several issues, including that the trial court erred in denying his motions for judgment of acquittal and that the verdicts were contrary to the weight of the evidence. Each of these claims is decided under a different legal standard. *Compare* Fla. R. Crim. P. 3.380(a) (directing judgment of acquittal when

"the court is of the opinion that the evidence is insufficient to warrant a conviction") *with* Fla. R. Crim. P. 3.600(a)(2) (directing new trial if "[t]he verdict is contrary to law or the weight of the evidence"). Unlike a motion for judgment of acquittal, which tests the sufficiency of the evidence, a motion for new trial "requires the trial court to weigh the evidence and determine credibility just as a juror would." *Bell v. State*, 248 So. 3d 208, 209 (Fla. 1st DCA 2018). In the latter role, the trial court acts as a "safety valve" where the evidence of guilt is tenuous but technically sufficient to go to the jury. *Robinson v. State*, 462 So. 2d 471, 477 (Fla. 1st DCA 1984).

When the record reveals the trial court applied, or appeared to apply, the wrong legal standard in ruling on a motion for new trial, appellate courts have reversed and remanded for the limited purpose of having the trial court reconsider the motion using the correct standard. *See, e.g., Jordan v. State*, 244 So. 3d 1178 (Fla. 1st DCA 2018), and cases cited therein. That is what is required here.

In its oral ruling, the trial court denied Baker's motion for new trial "for the reasons stated on the record, as I outlined during the trial." At trial, Baker filed a motion for judgment of acquittal in which Baker argued that the evidence of robbery was insufficient because the perpetrators did not take money that was under the care, custody, or control of the victims. He also argued that there was not sufficient evidence that the gun was operable. The trial court reserved ruling on the firearm issue, but denied the motion to the extent Baker alleged there was insufficient evidence of a robbery, ruling that "[a]ll of the evidence is sufficient for the state's case to proceed to the jury" and that "[t]he state has met their burden of proof." The trial court later denied Baker's renewed motion for judgment of acquittal, also reasoning that the "state has met their burden of proof sufficient for the case to go to the jury." Because the trial court denied Baker's motion for new trial by simply referring back to its rulings during trial, it failed to assess the verdicts in light of the weight and credibility of the evidence, as it was required to do.

This case is distinguishable from our recent decision in *Moreland v. State*, 43 Fla. L. Weekly D2037 (Fla. 1st DCA Sept.

5, 2018), where the trial court denied a motion for new trial that raised both sufficiency and weight of the evidence arguments by explaining, "The Court will rely on the rulings previously made in this case, and I will deny the motion for new trial at this time." We concluded that because the ruling consisted of two independent clauses that directly corresponded with the arguments made in the motion, the appellant failed to demonstrate that the court employed an incorrect legal standard when ruling on the motion for new trial. *Id.* By contrast, the only explanation for the denial of Baker's motion was "the reasons stated on the record, as I outlined during the trial." The court's explicit reference to its rulings during trial as the sole reason for denying the motion also distinguishes this case from *Bell v. State*, 248 So. 3d 208, 209 (Fla. 1st DCA 2018), where we concluded there was "nothing to indicate" the wrong standard was used, even though the trial court only discussed the sufficiency of the evidence arguments.

We therefore reverse and remand for the trial court to consider the weight of the evidence when ruling on that portion of Baker's motion for new trial. If the court concludes the verdicts are against the weight of the evidence, it must grant the motion for new trial. If it holds otherwise, it may again deny the motion and enter a new judgment and sentence accordingly. *Jordan*, 244 So. 3d at 1179.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF and LEWIS, JJ., concur.

––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––

Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.