# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4857
_____

KYLE FALES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

January 22, 2019

PER CURIAM.

A jury found Appellant guilty of multiple offenses arising out of a physical altercation between Appellant and his girlfriend's son. Appellant filed a motion for new trial arguing that the trial court erred in denying his motions for judgment of acquittal and that the jury's verdict was contrary to the law and the weight of the evidence. The trial court denied the motion, stating: "It was a good clean trial. I didn't see any error in the trial."

On appeal, Appellant argues that the trial court did not use the correct standard when ruling on his motion for new trial. We agree. "No error in the trial" is not the correct standard to use when ruling on a motion for new trial because the motion requires the trial court to "evaluate whether a jury's verdict is contrary to

the weight of the evidence and to act, in effect, as an additional juror." *Jordan v. State*, 244 So. 3d 1178, 1179 (Fla. 1st DCA 2018); *see also Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981) (explaining that, when ruling on a motion for new trial, the trial court is required to evaluate the weight of the evidence and determine whether "a greater amount of credible evidence supports one side of an issue or cause than the other").

This conclusion is not undercut by our recent decisions in *Bell v. State*, 248 So. 3d 208 (Fla. 1st DCA 2018), and *Moreland v. State*, 253 So. 3d 1245 (Fla. 1st DCA 2018), because those cases are distinguishable. There was no indication that the trial courts in those cases used the wrong standard when ruling on the defendants' motions for new trial because the courts essentially denied the motions without explanation. *See Bell*, 248 So. 3d at 210 ("Bell raised both sufficiency-of-the-evidence and weight-of-the-evidence arguments in his new-trial motions. While the judges' oral rulings only addressed the standard for the sufficiency arguments, it does not follow that the judges applied the sufficiency standard to the weight-of-the-evidence arguments."); *Moreland*, 253 So. 3d at 1247 (explaining that the trial court's ruling on the motion for new trial included two independent clauses that directly corresponded with the motion's arguments and noting that the clause addressing the arguments that the verdict was contrary to the law and the weight of the evidence "simply denied the . . . motion without any comment"). Here, by contrast, the trial court explained why it denied Appellant's motion for new trial and that explanation cannot be squared with the standard that is to be applied when ruling on a motion for new trial. *Accord Baker v. State*, 2018 WL 6803700 (Fla. 1st DCA Dec. 27, 2018) (distinguishing *Bell* and *Moreland* because the trial court's "explicit reference to its rulings during trial" indicated that the court did not use the correct standard when ruling on the defendant's motion for new trial).

Accordingly, we reverse and remand for reconsideration of the motion for new trial under the correct standard.

REVERSED and REMANDED for further proceedings.

WETHERELL, BILBREY, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, and Joanna Aurica Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Brooke Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.