# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3026
_____

MICHAEL BRIAN NOLAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

August 23, 2019

PER CURIAM.

A father took his daughter on a Florida trip to visit colleges. Their trip included a stop at a Jacksonville Holiday Inn Express, where Michael Nolan robbed the father. As the father and daughter were tending to their luggage by their car, Nolan rushed up, threatened the father with a knife, and demanded his wallet and phone. The father complied, and Nolan jumped in a car and drove off. Nolan had been wearing a Halloween-type mask and a baseball cap, but both father and daughter still got a good look at him.

The daughter immediately called police, who (using the stolen iPhone's tracking feature) promptly found Nolan's car in a Walmart parking lot. Police waited by the car, and when Nolan

returned to the car, they arrested him after a brief chase. In or around the car, police found the stolen phone, items from the father's wallet, other items not belonging to Nolan, a knife, and a Halloween-type mask. Police brought the father and daughter to the Walmart parking lot, and they both identified Nolan as the robber. Police then gathered surveillance video from both the Holiday Inn Express and the Walmart.

At trial, the father and daughter testified that Nolan was the culprit. The jury saw surveillance videos from both locations, and it heard testimony from an officer regarding what he saw on the Walmart video. After considering all the evidence, the jury convicted Nolan as charged: one count of armed robbery with a deadly weapon and one count of resisting arrest without violence. The court imposed a ten-year sentence.

Nolan presents two issues on appeal. First, he argues that the trial court erred in allowing a detective to testify about the contents of the Walmart video. Second, he argues that the trial court applied the wrong standard in denying his motion for new trial. We find no merit in either argument, so we affirm.

Video from inside Walmart showed Nolan trying to make a purchase using credit cards that were the same color as credit cards stolen from the father. The video was introduced without objection, and a detective testified that he identified Nolan as the man in the video. Nolan argues this invaded the province of the jury and should have been excluded. We review only for an abuse of discretion. *Salazar v. State*, 991 So. 2d 364, 373 (Fla. 2008).

Outside of the jury's presence, the detective testified that he spent time with Nolan the day of the arrest and that Nolan's appearance had changed since then. Nolan's hair and facial hair were different, his complexion had changed, and he had put on weight. The trial court found that there were, indeed, changes. Under these circumstances, there was no abuse in discretion in allowing the detective to testify that he had identified the man on the video as Nolan. *See Johnson v. State*, 93 So. 3d 1066, 1069 (Fla. 4th DCA 2012) ("This detective had an extensive opportunity to observe Johnson in person in Alabama shortly after the crime was committed. After his arrest, Johnson changed his appearance by gaining weight and bleaching his skin. Under these circumstances,

the detective's testimony was properly admitted, because how Johnson looked at the time of the crime was outside the realm of the jurors' knowledge and experience and the detective's special familiarity with Johnson was of assistance to the jury."); *see also Alvarez v. State*, 147 So. 3d 537, 542 (Fla. 4th DCA 2014) ("Even non-eyewitnesses may testify as to the identification of persons depicted or heard on a recording so long as it is clear the witness is in a better position than the jurors to make those determinations."). Regardless, if there were error in this regard, we are convinced beyond reasonable doubt that it was harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

Nolan's remaining argument is that the trial court applied the wrong standard in ruling on part of his motion for new trial. The motion advanced multiple grounds for new trial, including that the court erred in not granting a judgment of acquittal and that "[t]he verdict is contrary to the weight of the evidence." At the hearing on the motion, the judge noted that the defense was making "the same arguments that were made during the course of the trial" and that he would "stand by my rulings and findings made at that time" and deny the motion. Nolan argues that this shows the trial court failed to apply the correct weight-of-the-evidence standard, applicable to part of his motion. When a trial court applies the wrong standard on a new-trial motion, we have reversed for reconsideration. *See, e.g., Palmer v. State*, 196 So. 3d 1289, 1289 (Fla. 1st DCA 2016).

In this case, though, we have no basis to reverse. It is clear that the court's statements in denying the motion were directed at the arguments addressed at the hearing, and those arguments did not include that the verdict was contrary to the manifest weight of the evidence. Counsel argued that the court had erred with some evidentiary rulings, and the court said it would reject those arguments for the same reasons it made its evidentiary rulings in the first place. So as in *Bell v. State*, "there is nothing to indicate the trial judge[] applied the wrong standard." 248 So. 3d 208, 210 (Fla. 1st DCA 2018) ("While the judges' oral rulings only addressed the standard for the sufficiency arguments, it does not follow that the judges applied the sufficiency standard to the weight-of-the-evidence arguments.").

AFFIRMED.

B.L. THOMAS, WINOKUR, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan Picard, Assistant Attorney General, West Palm Beach, for Appellee.