IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DYLAN THOMAS ROBERTS,

      Appellant,

v.

Case No.    5D21-2537
LT Case No. 18-CF-3729-A-X

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 14, 2022

Appeal from the Circuit Court
for Marion County,
Steven G. Rogers, Judge.

Matthew J. Metz, Public Defender, and
Darnelle Paige Lawshe, Assistant Public
Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.

NARDELLA, J.

      Dylan Thomas Roberts raises two issues in the appeal of his judgment

and sentence for vehicular homicide and causing death while driving on a

suspended license. First, he argues that the trial court erred when it held a discovery violation committed by the State was trivial and did not substantially hamper the defense's trial preparation and strategy. Second, he argues that the trial court applied the wrong standard to deny his motion for new trial. We examine each issue in turn.

As to the first issue, Roberts argues that the State committed a discovery violation when it disclosed the investigating officer as a witness, without ever indicating that he would offer expert testimony. The defense deposed the investigating officer before trial, during which he offered his opinion as to the cause of the accident but provided little explanation to support his conclusion. During trial, though, the officer repeated his conclusion but provided more explanation about the facts supporting his opinion.

In response to the new testimony, Roberts requested a *Richardson* hearing, *Richardson v. State*, 246 So. 2d 771 (Fla. 1971), claiming the State failed to disclose the investigating officer as an expert witness. During the *Richardson* hearing, the trial court considered whether the discovery violation was inadvertent or willful, substantial or trivial, and had a prejudicial effect on Roberts' trial preparation. *See Andres v. State*, 254 So. 3d 283, 293 (Fla. 2018) (citation omitted).

2

Agreeing with Roberts, the trial court found the State's failure to list the investigating officer as an expert witness constituted a discovery violation. The trial court then specifically asked counsel to explain how Roberts was prejudiced by the discovery violation, to which his counsel stated only that the investigating officer's trial testimony was a "complete contradiction" to his deposition testimony. Focused on the only argument offered, the trial court ruled that Roberts could bring out the alleged inconsistencies during his cross-examination of the witness.

Now, for the first time in this case, Roberts explains that had he known the investigating officer was going to offer expert testimony he would have retained his own expert to rebut that testimony. The failure to raise this specific argument below deprived the trial court from considering it and, hence, it was not preserved for our review. *See* § 924.051(3), Fla. Stat. (2020) (requiring preservation in criminal cases); *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."); *I.R.C. v. State*, 968 So. 2d 583, 589 (Fla. 2d DCA 2007) ("A defendant may not argue in the trial court that a consent was involuntary for certain reasons and then obtain a reversal

3

on appeal on the ground that the consent was involuntary for other reasons. Any specific reason for reversal must be a specific reason that was advanced by the appellant in the trial court.").[1]  Accordingly, we neither consider nor express any opinion regarding the merit of the first issue.

Roberts' second issue fares better.  A motion for new trial requires the trial court to evaluate whether the jury's verdict is contrary to the weight of the evidence and to act, in effect, as an additional juror.  Fla. R. Crim. P. 3.600(a)(2); *Tibbs v. State*, 397 So. 2d 1120, 1123 n.9 (Fla. 1981).  Here, the trial court appears to have applied the sufficiency of the evidence standard to deny the motion for new trial.  As the State concedes, this was error.  *See Jordan v. State*, 244 So. 3d 1178, 1179 (Fla. 1st DCA 2018) (reversing denial of motion for new trial where trial court implied that it denied the motion because there was insufficient evidence to allow the jury to reach the opposite decision); *Fulword v. State*, 29 So. 3d 425, 426 (Fla. 5th DCA 2010) (reversing denial of motion for new trial where it appeared the trial

---

[1] We find Roberts' reliance on *Scipio v. State*, 928 So. 2d 1138 (Fla. 2006) in favor of preservation unavailing.  In that case, the trial court did not hold a *Richardson* hearing and, thus, the defendant was deprived of an opportunity to argue that he was prejudiced by the State's discovery violation.  *Id*.  Here, the trial court held a proper *Richardson* hearing and, thus, unlike the situation in *Scipio*, Roberts had an opportunity to explain how he was prejudiced by the State's discovery violation.  Therefore, as discussed above, any specific argument regarding prejudice that was not raised before the trial court was not preserved for appeal.

4

court did not apply the correct standard); *Geibel v. State*, 817 So. 2d 1042, 1045 (Fla. 2d DCA 2002) (reversing denial of motion for new trial where it was unclear whether the trial court applied the correct standard). Accordingly, we reverse the order denying Roberts' motion for new trial and remand the case to the trial court to consider the weight of the evidence when ruling on the motion for new trial. *See Fulword*, 29 So. 3d at 426.

AFFIRMED in part; REVERSED in part; and REMANDED.

EDWARDS and EISNAUGLE, JJ., concur.