967 So.2d 1071 (2007)
Shawn FEREBEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-683.
District Court of Appeal of Florida, Second District.
November 9, 2007.
James Marion Moorman, Public Defender, and Sharon Morgan Vollrath, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Shawn Ferebee appeals his judgments and sentences for robbery with a firearm and attempted robbery with a firearm. Ferebee argues that the trial court erred in denying his Florida Rule of Criminal Procedure 3.600(a)(2) motion for new trial because the trial court incorrectly utilized the sufficiency of the evidence standard rather than the weight of the evidence standard. We agree.
Rule 3.600(a)(2) provides that a court "shall grant a new trial" if "[t]he verdict is contrary to . . . the weight of the evidence." "There is a distinction between the `sufficiency of the evidence' standard, used in determining whether a judgment of acquittal [pursuant to rule 3.380] is appropriate, and the `weight of the evidence' standard used in evaluating a motion for new trial [pursuant to rule 3.600(a)(2)]." Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002). When considering a motion *1073 for judgment of acquittal under rule 3.380, a trial court must determine as a matter of law whether the evidence presented was adequate to support a conviction. When considering a motion for new trial under rule 3.600(a)(2) based on a claim that the verdict is against the weight of the evidence, the trial court must exercise its discretion to determine "whether a greater amount of credible evidence supports" an acquittal. Id. at 1044. "Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror." Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981).
Ordinarily, a trial court's ruling on a rule 3.600(a)(2) motion for new trial is subject to review under an abuse of discretion standard. But where a trial court's ruling is based on the application of an incorrect legal standard, the ruling is subject to de novo review. Geibel, 817 So.2d at 1044-45. "Appellate courts have thus reversed judgments when the trial court applied a sufficiency of the evidence standard to a motion for new trial" under rule 3.600(a)(2). Id. at 1045; see, e.g., Spear v. State, 860 So.2d 1080 (Fla. 1st DCA 2003); Moore v. State, 800 So.2d 747 (Fla. 5th DCA 2001); Uprevert v. State, 507 So.2d 162 (Fla. 3d DCA 1987).
In denying Ferebee's motion for new trial, the trial court stated that it could not "act as a seventh juror" and found that there were "sufficient facts for the jury to make a determination" of guilty. The trial court thus applied the sufficiency of the evidence standard rather than the appropriate weight of the evidence standard. Ferebee's counsel specifically argued in the trial court that under the weight of the evidence standard, the judge was called on to weigh the credibility of the evidence.
Because the trial court's application of the sufficiency of the evidence standard constituted a legal error, we reverse and remand for the trial court to consider Ferebee's motion for new trial under the weight of the evidence standard. See Geibel, 817 So.2d at 1045.
Reversed and remanded.
NORTHCUTT, C.J., and FULMER, J., Concur.