DAVIS, Judge.
 

 Jeffrey Robert Collett challenges his judgments and sentences for armed bur
 
 *225
 
 glary of a structure, battery, and aggravated assault with a deadly weapon. Because it is not clear from the record whether the trial court utilized the correct standard in evaluating and denying his motion for new trial, we are compelled to reverse and remand for reconsideration of the motion using the proper standard.
 

 Collett allegedly entered a home in the middle of the night while armed with a handgun. Once inside, Collett threatened the occupants of the home, specifically grabbing and pointing the gun at one victim. At trial, Collett was identified by numerous witnesses as the man who entered the home, and the BB-pistol that Collett surrendered to police upon his arrest was identified as the gun he brandished while threatening the victims. Col-lett testified and admitted that he was present at the home but denied possessing a gun. After he was convicted, Collett’s counsel moved for a new trial, alleging that the verdicts were contrary to the weight of the evidence because the evidence failed to support the finding that he used a deadly weapon.
 
 [1]
 
 Specifically, he alleged that the victims’ descriptions of the gun as small did not match the dimensions of the BB-pistol, a gun designed to look like a 9mm handgun. Without the BB-pistol, Collett argued, there was no evidence that a deadly weapon was used. The trial court denied the motion for new trial as it related to this issue, making the following findings on the record:
 

 In regard to the issue surrounding the firearm or gun, dangerous weapon, deadly weapon — dangerous weapon, I guess, I believe that there is sufficient evidence that supports the verdict. The jury is the tryer [sic] of fact and they listened to all the evidence and they wade through that and they can believe or disbelieve all or any part of the testimony. I don’t know what they believed or disbelieved, but I know that they reached a unanimous verdict and returned that verdict. So as to that, I deny the motion for new trial.
 

 On appeal Collett argues that the trial court applied the incorrect legal standard in evaluating whether the verdict was contrary to the law or weight of the evidence. Specifically, Collett argues that the trial court employed the standard for a motion for judgment of acquittal — sufficiency of the evidence — rather than the standard required for a motion for new trial — weight of the evidence. Collett is correct that the language used by the trial court to deny the motion suggests the use of a sufficiency of the evidence standard.
 

 Regardless of the disputed nature of the evidence, there is no question that the State presented sufficient evidence to overcome a motion for judgment of acquittal and allow the jury to reach a verdict on Collett’s charges.
 
 See, e.g., Berube v. State,
 
 5 So.3d 734, 743 (Fla. 2d DCA 2009) (“When considering a motion for judgment of acquittal, the question is whether, ‘after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.’ ” (quoting
 
 Fitzpatrick v. State,
 
 900 So.2d 495, 507 (Fla.2005))). However, Col-lett raised this evidentiary issue in the context of a motion for new trial, which requires the trial court to consider “whether the evidence presented was adequate to support a conviction.”
 
 See Ferebee v. State,
 
 967 So.2d 1071, 1073 (Fla. 2d DCA 2007).
 

 
 *226
 
 Although this court typically reviews the denial of motions for new trial under an abuse of discretion standard, the standard becomes de novo if, as a matter of law, the trial judge applies the incorrect legal standard in denying the motion.
 
 Id.
 
 “[A] trial court is not compelled to use ‘magic words’ when ruling on a motion for new trial, but the ruling should demonstrate that the proper standard was applied to the motion.”
 
 Geibel v. State,
 
 817 So.2d 1042, 1045 (Fla. 2d DCA 2002). In the instant case, we are unable to ascertain, as a matter of law, whether the trial court utilized the improper standard as is suggested by the language used in its order, or merely used improper wording while actually applying the correct standard. Accordingly, we reverse and remand for the trial court to reconsider the motion for new trial using the proper standard.
 

 Reversed and remanded.
 

 KHOUZAM and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Collett also moved for a new trial based on the use of allegedly improper comments during the State’s closing argument. We find no error in the trial court’s denial of the portion of the motion for new trial related to this issue.