MONACO, J.
The appellant, Joe Lee, was convicted of robbery with a firearm and aggravated battery with a firearm, and sentenced on each count in accordance with the 10-20-Life statute. He argues that the trial court used an incorrect standard in ruling on his motion for a new trial founded on *291 his claim that the principal testimony against him at trial was fatally inconsistent. Because there is merit to Mr. Lee’s argument, we reverse and remand for a new hearing on his motion for new trial.
Rule 3.600(a)(2), Florida Rules of Criminal Procedure, provides that the court shall grant a new trial if, among other reasons, “[t]he verdict is contrary to law or the weight of the evidence.” When ruling on a motion for new trial based on a claim that the verdict is against the weight of the evidence, the trial court is compelled to exercise its discretion to determine “whether a greater amount of credible evidence supports one side of an issue or the other.” Fulword v. State, 29 So.3d 425 (Fla. 5th DCA 2010) (citing Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002)). The trial court under these circumstances acts as a “safety valve” by considering whether to grant a new trial where “the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.” Moore v. State, 800 So.2d 747, 749 (Fla. 5th DCA 2001).
In the present case it is unclear whether or not the trial judge applied the correct standard in denying the motion for new trial. Indeed, the State agrees that because the record on the issue is ambiguous, a new hearing on Mr. Lee’s motion is appropriate. We agree and commend the State for its candor.
Accordingly, we reverse the judgment and sentence and remand to the trial court for a new hearing on the motion for new trial.
REVERSED and REMANDED with instructions.
PALMER and LAWSON, JJ, concur.