TAYLOR, J.
Appellant was charged by information with theft of state funds in the amount of $20,000 or more, but less than $100,000, by failing to remit taxes collected pursuant to Chapter 212, Florida Statutes. He was found guilty by a jury of theft of state funds in the amount of $800 or more, but less than $20,000. He appeals his conviction, arguing that the trial judge erred by: (1) applying a sufficiency of the evidence standard, rather than the weight of the evidence standard, when denying his motion for a new trial; (2) denying his motion for mistrial when a witness made an objectionable comment[1]; and (3) denying his request for a special jury instruction. We find merit in appellant’s first argument and reverse only on that issue. Without further comment, we affirm on the other issues raised in this appeal.
“Ordinarily, a trial court’s ruling on a rule 8.600(a)(2) motion for new trial is subject to review under an abuse of discretion standard. But where a trial court’s ruling is based on the application of an incorrect legal standard, the ruling is subject to de novo review.” Ferebee v. State, 967 So.2d 1071, 1073 (Fla. 2d DCA 2007).
Rule 3.600(a)(2) provides that a trial court shall grant a new trial if the verdict is “contrary to ... the weight of the evidence.” There is a distinction between the “sufficiency of the evidence” standard, which is used in determining whether to grant a judgment of acquittal, and the “weight of the evidence” standard, which is used in evaluating a motion for new trial. Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002). The “sufficiency of the evidence” standard examines whether the evidence presented is legally adequate to permit a conviction, while the “weight of the evidence” standard evaluates whether a greater amount of credible evidence supports an acquittal. Ferebee, 967 So.2d at 1073.
In deciding a motion for new trial pursuant to Rule 3.600(b), the trial court acts as a “safety valve” by “granting a new trial where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.” Geibel, 817 So.2d at 1044. “Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror.” Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981).
A trial court is not compelled to use “magic words” when ruling on a motion for new trial, but the ruling should demonstrate that the court applied the proper standard to the motion. Geibel, 817 So.2d at 1045. Reversible error occurs when a trial court applies a sufficiency of the evidence standard to a motion for new trial under rule 3.600(a)(2). Ferebee, 967 So.2d at 1073.
Here, the record shows that the trial court incorrectly applied a sufficiency of the evidence standard in denying the motion for new trial. Defense counsel moved for a new trial and stated that the verdict was contrary to the weight of the evidence. He specifically requested that the court weigh the credibility of the defense witnesses against that of the prosecution’s witnesses. However, the trial court explicitly refused to weigh the evidence, stating that it was “the jury’s role to weigh the credibility of witnesses. I *906 make the determination whether the State has met the minimum threshold for it to go to the jury. And that’s a minimum thi'esh-old. That’s what the standard is, whether reasonable jurors could differ.”
The trial court thus applied the sufficiency of the evidence standard, when it should have determined whether the verdict was contrary to the weight of the evidence. Even if it were simply unclear as to whether the trial court applied the correct standard, reversal for a new hearing on the motion for new trial would be required. See Lee v. State, 89 So.3d 290, 291 (Fla. 5th DCA 2012) (“In the present case it is unclear whether or not the trial judge applied the correct standard in denying the motion for new trial. Indeed, the State agrees that because the record on the issue is ambiguous, a new hearing on Mr. Lee’s motion is appropriate.”).
We therefore reverse and remand this cause for the trial court to reconsider appellant’s motion for new trial, and determine whether the verdict was contrary to the weight of the evidence.

Affirmed in part, Reversed in part and Remanded.

WARNER and STEVENSON, JJ„ concur.

. Although the trial court denied the motion for mistrial, the court sustained the defense objection and gave a strongly worded curative instruction.