Gross, J.
We reverse a conviction for aggravated battery because the court abused its discretion in admitting evidence of an uncharged collateral crime.
The conviction stemmed from a fight over a car repair. Appellant contended that he and the victim had agreed upon a price for the repair. A dispute arose. The victim stopped working on the car until he was paid more money. The disagreement took a violent turn. The victim was bringing furniture home in a U-Haul when appellant approached him from the street. Although accounts of the incident varied, appellant was charged with stabbing the victim in the leg.
The issue central to this appeal involved appellant’s confrontation with the victim’s wife. The state contended that after the stabbing, the victim’s wife challenged appellant and he punched her in the face, knocking her to the ground, where she hit her head on the sidewalk. The state did not charge appellant with a crime related to this incident.
Appellant objected to evidence of the incident with the victim’s wife prior to trial. The state argued that evidence of appellant punching the wife was inextricably intertwined with the stabbing and showed appellant’s “demeanor, his attitude, the state of mind.” The trial court overruled the objection.
Five witnesses, including appellant, testified about the altercation with the wife.
The victim testified that he was inside the moving truck when he realized he had been stabbed. His wife was across the street and did not witness the incident. The victim jumped out of the truck and yelled to his wife that he had been cut. The victim then panicked and left the area. When he returned, he saw his wife confronting appellant and then “pick[] up a bottle to defend herself’ and approach appellant. Words were exchanged. Appellant “raised up” at the wife, who “tried to protect herself and then he punched her.” The wife gave similar testimony, saying she swung a bottle at appellant after he “got in [her] face,” just before he punched her in the face with a closed fist.
An employee from a nearby grocery store saw appellant approach the store, with the wife following behind. They were arguing and the wife suddenly picked up a large beer bottle and held it at her side. The two argued for several minutes. There was finger pointing and the wife touched appellant a few times. Appellant told her not to touch him. After appellant turned to walk away, the wife touched him again; appellant “turned around and punched the lady.”
Appellant’s version of the story was that the wife drew back the bottle and he punched her to make sure that she did not hit him.
The altercation between appellant and the victim’s wife was not inextricably intertwined with the earlier stabbing. “[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged” is admissible under section 90.402, Florida Statutes (2015), because “it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.” Griffin v. State, 639 So.2d 966, 968 (Fla. 1994) (quot *943 ing Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)). “Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crinae(s) charged; (3) establish the entire context out of which the charged crime(s) arose[;] or (4) adequately describe the events leading up to the charged crime(s).” McGee v. State, 19 So.3d 1074, 1078 (Fla. 4th DCA 2009) (quoting Dorsett v. State, 944 So.2d 1207, 1213 (Fla. 3d DCA 2006)).
Appellant’s altercation with the wife was not “inextricably intertwined” with the stabbing of the victim, as that concept has been delineated in McGee and Dorsett. It was not necessary to tell the full story of the stabbing, it did not establish the context out of which the stabbing arose, and it did not describe the events leading up to the stabbing. The punching incident occurred after the stabbing and was instigated by the conduct of a different victim. Given the number of witnesses, the punching incident became a feature of the trial. The trial court.abused its discretion in admitting the evidence.
We do not find this error to be harmless. Without the testimony of the punching incident, this case was a credibility contest between appellant and the victim. Evidence that appellant punched the wife could only have damaged his credibility and may have influenced his decision to take the witness stand.
Because we are reversing for a new trial, we will not dwell on other issues raised except to note that the jury selection was tainted by the trial court’s failure to follow the procedure outlined in Melbourne v. State, 679 So.2d 759 (Fla. 1996), and that appellant should not have been resentenced when he was not present in court.

Reversed and remanded for a new trial.

May and Damoorgian, JJ., concur.