DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOSES MITCHELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1225

[April 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Sellers Johnson, Judge; L.T. Case No. 502015CF000469AXXXMB.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Moses Mitchell was convicted of burglary with assault or battery while in possession of a firearm and two counts of robbery with a firearm. We affirm on all issues raised on appeal. We write only to address Appellant's argument that the trial court's failure to explicitly articulate what standard it applied when reviewing the evidence with respect to his motion for a new trial was reversible error.

## Background

After a guilty verdict, Appellant filed a timely motion for new trial. He asserted that the verdicts were contrary to the weight of the evidence and specifically requested the trial court to "assess the verdict in light of the weight and credibility of the evidence." The trial court denied the motion, verbally stating, "[a]ll right, I'll note your motion and objections and at this time I'll deny your motion for a new trial or your motion to dismiss." The judge then entered a written order, merely stating, "[t]he motion is denied." Appellant made no objection that the trial court had not articulated the

legal standard it applied in reviewing the evidence.

## Analysis

"Ordinarily, a trial court's ruling on a [Florida Rule of Criminal Procedure] 3.600(a)(2) motion for new trial is subject to review under an abuse of discretion standard. But where a trial court's ruling is based on the application of an incorrect legal standard, the ruling is subject to de novo review." *Velloso v. State*, 117 So. 3d 903, 905 (Fla. 4th DCA 2013) (quoting *Ferebee v. State*, 967 So. 2d 1071, 1073 (Fla. 2d DCA 2007)).

Trial courts will be reversed on appeal for incorrectly applying the standard for motions for judgment of acquittal when deciding motions for a new trial. *See, e.g.*, *Palmer v. State*, 196 So. 3d 1289, 1289 (Fla. 1st DCA 2016); *Ferebee*, 967 So. 2d at 1073; *Spear v. State*, 860 So. 2d 1080, 1080 (Fla. 1st DCA 2003); *Moore v. State*, 800 So. 2d 747, 749-50 (Fla. 5th DCA 2001). Motions for judgment of acquittal are decided under the sufficiency of the evidence standard, which "examines whether the evidence presented is legally adequate to permit a conviction." *Velloso*, 117 So. 3d at 905; *see also* Fla. R. Crim. P. 3.380(a). Motions for a new trial are assessed under the weight of the evidence standard, which "evaluates whether a greater amount of credible evidence supports an acquittal." *Velloso*, 117 So. 3d at 905; *see also* Fla. R. Crim. P. 3.600(a)(2).[1] We reversed the trial court in *Velloso* because it applied the sufficiency of the evidence standard when deciding a motion for new trial. *Velloso*, 117 So. 3d at 905-06.

Here, in his motion for new trial, Appellant argued that the verdict was contrary to the law and the weight of the evidence. The trial court asked defense counsel if he wanted to add anything to the motion. Counsel stated that he was specific in this argument in the motion and would rely on the written motion. The trial court noted the motion and summarily denied it, without specifying the standard it was applying. *Appellant lodged no objection nor request for clarification.* Thus, to the extent there is an issue for review, it was not preserved. "The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on

---

[1] "In deciding a motion for new trial which asserts that the verdict is contrary to the weight of the evidence, 'the trial court acts as a safety valve by granting a new trial where "the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict."'" *Moore*, 800 So. 2d at 749 (quoting *State v. Hart*, 632 So. 2d 134, 135 (Fla. 4th DCA 1994)); *see also Tibbs v. State*, 397 So. 2d 1120, 1123 n.9 (Fla. 1981) ("Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror.").

notice that error may have been committed, and provides [the judge] an opportunity to correct it at an early stage of the proceedings." *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978).

In light of Appellant's failure to preserve this issue, our review is limited to determining whether the trial court's failure to explicitly recite the standard of review constitutes fundamental error. In addition to *Velloso* (where the trial court articulated the wrong standard), Appellant relies upon two cases cited in *Velloso* for his argument that remand is required for the trial court to reconsider the motion for new trial. In *Geibel*, the court remanded because it was "unable to establish whether [the trial court] applied the correct standard from [the trial court's] oral pronouncement, particularly in light of [the trial court's] comment that [it] found no 'legal basis' to support the motion." 817 So. 2d at 1045. In *Lee v. State*, 117 So. 3d 848 (Fla. 5th DCA 2013), the court remanded because "it is unclear whether or not the trial judge applied the correct standard in denying the motion for new trial [and] the State agrees that because the record on the issue is ambiguous, a new hearing on [the] motion is appropriate." *Id.* at 850.

Here, the trial court did not make any eyebrow-raising comment as in *Velloso* or *Geibel*, nor does the State agree with Appellant that there is an "ambiguous" record on this issue. Appellant provided the trial court with the correct standard of review in his motion, and neither the State nor the trial court took exception to that standard. The trial court then noted Appellant's motion and ruled, orally and in a written order, that it was denying the motion.

"There exists in law as in equity a presumption of the correctness of the rulings of the trial court and a person resorting to an appellate court is charged with the responsibility of making error clearly to appear." *Watson v. State*, 194 So. 640, 642 (Fla. 1940); *see also E & I, Inc. v. Excavators, Inc.*, 697 So. 2d 545, 547 (Fla. 4th DCA 1997) ("The appellant has the burden of making 'any reversible error clearly, definitely, and fully appear.'" (quoting *Strate v. Strate*, 328 So. 2d 29, 30 (Fla. 3d DCA 1976))). Appellant has failed to meet this burden in the instant case.

**Conclusion**

We discern no fundamental error nor need to remand this matter to make explicit a ruling that has already implicitly applied the correct standard of review. On the merits of the denial of a new trial, we find no abuse of discretion. Moreover, as stated above, we also affirm the trial court on all other issues raised in the appeal.

3

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**