DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL ROBBINS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-929

[July 11, 2018]

Petition alleging ineffective assistance of appellate counsel to the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Judge; L.T. Case No. 12016631CF10A.

Robert Malove, Fort Lauderdale, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for respondent.

GERBER, C.J.

The defendant, pursuant to Florida Rule of Appellate Procedure 9.141(d), petitions that he received ineffective assistance of appellate counsel on his direct appeal, primarily because the direct appeal did not argue that the trial court applied the incorrect legal standard in denying the defendant's motion for new trial. We grant the petition on this ground only. We remand for the trial court to reconsider the defendant's motion for new trial under the correct legal standard.

We present this opinion in the following five sections:
1. The procedural history;
2. The standard of review for a petition alleging ineffective assistance of appellate counsel;
3. Review of the incorrect legal standard argument;
4. Review of the instant case and similar precedent; and
5. Distinguishing the instant case from recent precedent.

# 1. *Procedural History*

The state charged the defendant with aggravated battery with a firearm. The evidence showed that the defendant was involved in an argument with a man who was hanging out with a small group of people outside of a business. The defendant eventually got a gun from his nearby truck, fired two shots towards the group, and drove off. One of the shots struck a woman in the group.

Defendant claimed that he fired warning shots in self-defense and did not intend to hit anyone. At trial, defense counsel cross-examined the woman about her inconsistent statements regarding whether it appeared to her that the defendant was trying to shoot towards the group or was just trying to scare someone off.

After the jury convicted the defendant as charged, defense counsel moved for a new trial, arguing in part that, pursuant to Florida Rule of Criminal Procedure 3.600(a)(2), the verdict was contrary to the weight of the evidence. Defense counsel reminded the court about the woman's inconsistent statements regarding whether it appeared to her that the defendant was just trying to scare someone off.

In response to the defendant's motion for new trial, the prosecutor argued, in pertinent part, that as far as "talking about the victim and perhaps her inconsistent statement to the police . . . this is not the time for [the Court] to sit in the chairs of the jury. . . . I am asking the Court that it is a question of fact that the jury already considered in their deliberations and at this time should not be granted – a Motion for New Trial should not be granted on that fact."

The trial court denied the defendant's motion for new trial. The trial court reasoned, "I agree with the State that it was a question of fact and the jurors got to see [defense counsel] challenge [the victim] with the prior inconsistent statements and it didn't make an impact on them."

The direct appeal raised a separate evidentiary issue. We affirmed on that separate evidentiary issue. *Robbins v. State*, 229 So. 3d 1244 (Fla. 4th DCA 2017) (table).

The direct appeal did not argue that the trial court applied the incorrect legal standard in denying the defendant's motion for new trial.

## 2. *The Standard of Review for a Petition Alleging Ineffective Assistance of Appellate Counsel*

The defendant now petitions that he received ineffective assistance from his appellate counsel on the direct appeal, because the direct appeal did not argue that the trial court applied the incorrect standard in denying the defendant's motion for new trial.

Our standard of review on a petition alleging ineffective assistance of appellate counsel was set forth by our supreme court in *Rutherford v. Moore*, 774 So. 2d 637 (Fla. 2000):

> When analyzing the merits of the claim, the criteria for proving ineffective assistance of appellate counsel parallel the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] standard for ineffective trial counsel. Thus, this Court's ability to grant habeas relief on the basis of appellate counsel's ineffectiveness is limited to those situations where the petitioner establishes first, that appellate counsel's performance was *deficient* because the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance[,] and second, that the petitioner was *prejudiced* because appellate counsel's deficiency compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. If a legal issue would in all probability have been found to be without merit had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective.

*Rutherford*, 774 So. 2d at 643 (internal footnote, citations, and quotation marks omitted).

Here, we conclude that the criteria for proving ineffective assistance of appellate counsel has been met. If the direct appeal had argued that the trial court applied the incorrect legal standard in denying the defendant's motion for new trial, then we would have found that the argument had merit, and reversed for reconsideration of the motion under the correct legal standard.

To explain our conclusion, we examine how we would have analyzed the incorrect legal standard argument on direct appeal.

### 3.  *__Review of the Incorrect Legal Standard Argument__*

On direct appeal, our standard of review for determining whether the trial court applied an incorrect legal standard to the motion for new trial would have been de novo.  *See Velloso v. State*, 117 So. 3d 903, 905 (Fla. 4th DCA 2013) ("Ordinarily, a trial court's ruling on a rule 3.600(a)(2) motion for new trial is subject to review under an abuse of discretion standard.  But where a trial court's ruling is based on the application of an incorrect legal standard, the ruling is subject to de novo review.") (citation omitted).

*Velloso* discussed the difference between the "sufficiency of the evidence" standard on a motion for judgment of acquittal versus the "weight of the evidence" standard on a motion for a new trial:

> Rule 3.600(a)(2) provides that a trial court shall grant a new trial if the verdict is "contrary to . . . the weight of the evidence."  There is a distinction between the "sufficiency of the evidence" standard, which is used in determining whether to grant a judgment of acquittal, and the "weight of the evidence" standard, which is used in evaluating a motion for new trial.  The "sufficiency of the evidence" standard examines whether the evidence presented is legally adequate to permit a conviction, while the "weight of the evidence" standard evaluates whether a greater amount of credible evidence supports an acquittal.

> In deciding a motion for new trial . . . , the trial court acts as a "safety valve" by granting a new trial where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.  Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror.

> A trial court is not compelled to use "magic words" when ruling on a motion for new trial, but the ruling should demonstrate that the court applied the proper standard to the motion.  Reversible error occurs when a trial court applies a sufficiency of the evidence standard to a motion for new trial under rule 3.600(a)(2).

*Id.* (internal citations and other quotation marks omitted).

4

### 4. *Review of the Instant Case and Similar Precedent*

In the instant case, the combination of the prosecutor's statement ("this is not the time for [the Court] to sit in the chairs of the jury") and the trial court's reasoning ("I agree with the State that it was a question of fact") appears to demonstrate that the trial court applied a "sufficiency of the evidence" standard and not rule 3.600(a)(2)'s "contrary to . . . the weight of the evidence" standard.

This incorrect application of law, if raised on direct appeal, would have resulted in a reversal for reconsideration of the defendant's motion for new trial under the correct legal standard, based on our precedent in *Velloso*.

In *Velloso*, the trial court denied the defendant's motion for new trial, reasoning that it was "the jury's role to weigh the credibility of witnesses. I make the determination whether the State has met the minimum threshold for it to go to the jury. And that's a minimum threshold. That's what the standard is, whether reasonable jurors could differ." *Id.* at 905-06. We reversed and remanded for the trial court to reconsider the defendant's motion for new trial, concluding that the trial court's statements indicated it had "applied the sufficiency of the evidence standard, when it should have determined whether the verdict was contrary to the weight of the evidence." *Id.* at 906.

Our holding in *Velloso* recently was followed by one of our sister courts in *Jordan v. State*, 43 Fla. L. Weekly D877 (Fla. 1st DCA Apr. 20, 2018). In *Jordan*, the trial court denied the defendant's motion for new trial, reasoning, "The jury did not agree with that position and they found him guilty beyond a reasonable doubt, so I will deny the motion." *Id.* at D877. The First District reversed and remanded for the trial court to reconsider the defendant's motion for new trial, concluding the trial court's statements

> implied that it denied [the defendant's] motion because there was sufficient evidence to allow the jury to reach a decision. Thus, the trial court impermissibly used a sufficiency of the evidence standard in evaluating the motion. The trial court also impermissibly abrogated its responsibility to determine whether a verdict is against the manifest weight of the evidence independently of the jury.

*Id.* at D878 (internal citations omitted).

5

Similar to *Velloso* and *Jordan,* the trial court in the instant case impermissibly used a "sufficiency of the evidence" standard in evaluating the motion, rather than applying rule 3.600(a)(2)'s "contrary to . . . the weight of the evidence" standard. Thus, if the direct appeal had argued that the trial court applied the incorrect legal standard, then reversal for reconsideration of the motion for new trial would have been required, pursuant to *Velloso.*

### 5. *Distinguishing the Instant Case from More Recent Precedent*

We distinguish the instant case from our more recent precedent in *Mitchell v. State,* 43 Fla. L. Weekly D914 (Fla. 4th DCA Apr. 25, 2018). In *Mitchell,* the defendant's motion for new trial asserted that the verdicts were contrary to the weight of the evidence, and specifically requested the trial court to "assess the verdict in light of the weight and credibility of the evidence." *Id.* at D914. The trial court denied the motion, verbally stating, "All right, I'll note your motion and objections and at this time I'll deny your motion for a new trial or your motion to dismiss." *Id.* The trial court then entered a written order, merely stating, "The motion is denied." The defendant did not object that the trial court had not articulated the legal standard it applied in reviewing the evidence.

On direct appeal, the defendant argued that "the trial court's failure to explicitly articulate what standard it applied when reviewing the evidence with respect to his motion for a new trial was reversible error." *Id.* We affirmed, concluding that because the trial court's ruling "already implicitly applied the correct standard of review," and the defendant "lodged no objection nor request for clarification," the defendant had not preserved his incorrect legal standard argument for review. *Id.* We reasoned that *Velloso* was distinguishable:

> Here [in *Mitchell*], the trial court did not make any eyebrow-raising comment as in *Velloso . . .* nor does the State agree with [the defendant] that there is an "ambiguous" record on this issue. [The defendant] provided the trial court with the correct standard of review in his motion, and neither the State nor the trial court took exception to that standard. The trial court then noted [the defendant's] motion and ruled, orally and in a written order, that it was denying the motion.

> There exists in law as in equity a presumption of the correctness of the rulings of the trial court and a person resorting to an appellate court is charged with the

6

responsibility of making error clearly to appear. [The defendant] has failed to meet this burden in the instant case.

43 Fla. L. Weekly at D914 (citations and quotation marks omitted).

The instant case more closely resembles *Velloso* than *Mitchell*, because here, both the prosecutor and the court articulated the incorrect legal standard for reviewing a rule 3.600(a)(2) motion for new trial. And, in any event, at the time the direct appeal was filed, *Velloso* was the law in this court, and *Mitchell* had not yet issued.

### *Conclusion*

Because appellate counsel did not raise the incorrect legal standard argument, which under *Velloso* would have resulted in a reversal for reconsideration on the defendant's motion for new trial, we are compelled to grant the defendant's petition on this argument. We reverse the trial court's denial of the defendant's motion for new trial, and remand for the trial court to consider the motion under rule 3.600(a)(2)'s "contrary to . . . the weight of the evidence" standard. We make no comment on whether the defendant's motion for new trial should be granted or denied.

The defendant's remaining argument in his petition alleging ineffective assistance of appellate counsel is denied without further discussion.

*Granted in part, denied in part, and remanded for further proceedings consistent with this opinion.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**