DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL HUDSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1715

[August 21, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 15-005378CF10A.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rhonda Giger, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Daniel Hudson was charged with aggravated battery. A jury found Appellant guilty and he was sentenced to five years in prison. We reversed Appellant's conviction because the trial court abused its discretion in admitting evidence of an uncharged collateral crime. *See Hudson v. State*, 213 So. 3d 941 (Fla. 4th DCA 2017) (*Hudson I*).

At his new trial, Appellant was found guilty of the lesser included offense of felony battery and was again sentenced to five years in prison. He now appeals this judgment and sentence, making three arguments on appeal, two of which we find support reversal and remand.[1] First, the trial court erroneously permitted the State to again introduce evidence of the uncharged collateral crime, the same error that precipitated our earlier

---

[1] We affirm without discussion Appellant's third argument, related to the introduction and consideration of testimony from two witnesses who testified at the first trial and were deemed to be unavailable to personally appear and testify at the second trial.

remand opinion. Second, the trial court erroneously instructed the jury on the forcible felony exception to Appellant's self-defense argument.

## Background

*A. Hudson I*

In *Hudson I*, we summarized the facts that led to Appellant's 2017 aggravated battery charge as follows:

> The conviction stemmed from a fight over a car repair. Appellant contended that he and the victim had agreed upon a price for the repair. A dispute arose. The victim stopped working on the car until he was paid more money. The disagreement took a violent turn. The victim was bringing furniture home in a U–Haul when [A]ppellant approached him from the street. Although accounts of the incident varied, [A]ppellant was charged with stabbing the victim in the leg.

*Hudson I*, 213 So. 3d at 942.

The legal issue addressed in *Hudson I* involved Appellant's alleged confrontation with the victim's wife. *Id.* The State contended that after the stabbing, the victim's wife confronted Appellant, and that he punched the wife in the face. *Id.* The State did not charge Appellant with a crime related to the incident with the victim's wife. Before trial, defense counsel objected to the State introducing evidence of this incident. The State argued that evidence of Appellant punching the wife was inextricably intertwined with the stabbing. *Id.* The trial court overruled the objection, evidence was introduced related to this encounter, and Appellant was convicted on the charge of aggravated battery.

On appeal, we reversed Appellant's conviction, finding the trial court abused its discretion in admitting evidence of an uncharged collateral crime. We found that "[i]t was not necessary to tell the full story of the stabbing, it did not establish the context out of which the stabbing arose, and it did not describe the events leading up to the stabbing." *Id.* at 943. We did not find the error to be harmless because "[w]ithout the testimony of the punching incident, this case was a credibility contest between [A]ppellant and the victim." *Id.*

*B. Second Trial*

Prior to Appellant's new trial, defense counsel filed a motion in limine, seeking to prohibit the State from mentioning collateral crimes or bad acts involving the victim's wife in accordance with our mandate in *Hudson I.* The trial court unconditionally granted the motion.

At trial, the State called a detective to testify. The detective explained that he displayed photographic arrays to the victim and his wife, and that both identified Appellant as the individual who stabbed the victim. The State introduced the photographic arrays and accompanying documentation. A form signed by the victim's wife stated that she selected photograph number 5 as the person who "hit [her]/punched [her]" and identified herself as a "[v]ictim." When the State moved to introduce the exhibit into evidence, defense counsel raised a hearsay objection, with no reference to the motion in limine. The objection was overruled.

At the charge conference, defense counsel requested, and the trial court agreed, that the jury would be instructed on self-defense. While discussing the instruction, the trial court included the forcible felony exception to the defense, stating that "the use of nondeadly force is not justified if you find that [Appellant] was attempting to commit, committing or escaping after the commission of an aggravated battery." Defense counsel objected to this instruction, arguing that Appellant was not charged with committing another crime in addition to aggravated battery, therefore, the instruction was improper. The trial court overruled the objection and instructed the jury on the forcible felony exception.

Before sending the exhibits back to the jury, the trial court asked both parties to review the verdict form, the information, the instructions, and the exhibits to make sure they did not have any objections. Both parties immediately responded to the court's request, and neither party objected.

During its deliberations, the jury sent the trial court the following question on a jury inquiry form:

> On Evidence Exhibit 1 Photo Array Form. [The victim's wife] stated she had selected photo #5 as the person who (hit me/punch me) and she is listed as the victim. Why was this not indicated during the statements on 4-14-14? Is this relevant to the case?

At this point, defense counsel moved for a mistrial "based on that." The trial court denied this motion, stating "[t]hat's why I asked both parties to please look at the exhibits before I send them back." The trial court did, however, return the jury inquiry form to the jury, with a written response

stating "[i]t is to the evidence introduced in this trial and to it alone, that you are to look for that proof."

Appellant was found guilty of the lesser included offense of felony battery. Defense counsel then moved for a new trial, which was also denied. Appellant was adjudicated guilty and sentenced to five years in prison. This appeal followed.

## Analysis

### A. Collateral Crime Evidence

We review the trial court's ruling on a motion for mistrial for an abuse of discretion. *Jennings v. State*, 123 So. 3d 1101, 1125 (Fla. 2013). The abuse of discretion standard also applies to the denial of a motion for a new trial. *See Mitchell v. State*, 245 So. 3d 805, 807 (Fla. 4th DCA 2018).

Initially, we reject the State's argument that this issue is not preserved because defense counsel made a hearsay objection when the State offered the unredacted photographic identification form wherein the victim's wife stated that Appellant was the person who "hit [her]/punched [her]." Prior to trial, consistent with our opinion in *Hudson I*, the trial court made a definitive ruling on defense counsel's motion in limine, prohibiting the State from mentioning collateral crimes or bad acts involving the victim's wife in accordance with our mandate. *See* § 90.104(1)(b), Fla. Stat. (2018) ("If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."); *see also Tillman v. State*, 964 So. 2d 785, 787-88 (Fla. 4th DCA 2007) (holding that the trial court's granting of the State's pretrial motion in limine constituted "a definitive ruling on the record admitting evidence, meaning that Tillman need not have renewed his objection to preserve his claim of error for appeal."). Thus, the issue is preserved for appeal.

We also reject the State's argument that the error was invited by defense counsel. This is not the type of situation where defense counsel invited the trial court to make an error, then sought to take an inconsistent position on appeal. *See Norton v. State*, 709 So. 2d 87, 94 (Fla. 1997). Here, it was the State, not defense counsel, that introduced the unredacted identification form. Furthermore, in addition to filing the motion in limine, defense counsel repeatedly reminded the trial court and the State to comply with this Court's mandate throughout the proceeding.

4

When we issued the mandate in *Hudson I* that the collateral crime evidence regarding the victim's wife was inadmissible, the trial court's role on this issue became "purely ministerial" and the admission of such evidence was no longer within the discretion of the trial court. *State v. Gomez*, 247 So. 3d 592, 593 (Fla. 3d DCA 2018) (quoting *Hearns v. State*, 54 So. 3d 500, 502 (Fla. 3d DCA 2010)). The trial court here sought to comply with this Court's mandate—it entered an order in limine to prohibit the State from mentioning collateral crimes or bad acts involving the victim's wife and asked that the exhibits be reviewed prior to submitting the evidence to the jury.

Despite the trial court's efforts, the State introduced evidence (possibly inadvertently) in violation of the trial court's order in limine and our mandate in *Hudson I*. It was, therefore, an abuse of discretion to deny defense counsel's motion for mistrial and its subsequent motion for new trial because the error deprived Appellant of a fair trial. "A motion for mistrial should be granted only when the error is deemed so prejudicial that it vitiates the entire trial, depriving the defendant of a fair proceeding." *Jennings*, 123 So. 3d at 1125 (quoting *Floyd v. State*, 913 So. 2d 564, 576 (Fla. 2005)); Fla. R. Crim. P. 3.600(b)(8) (a motion for a new trial should be granted if the defendant did not receive a fair trial by a "cause not due to the defendant's own fault").

We do not find this error to be harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986). In fact, the jury's question during deliberations highlights the error. The trial court's response to the question that "[i]t is to the evidence introduced in this trial and to it alone, that you are to look for that proof" did not cure the error, but instead actually *instructed the jury to consider the improper evidence. Cf. Perez v. State*, 919 So. 2d 347, 364 (Fla. 2005) ("A motion for mistrial is properly denied where the matter on which the motion is based is rendered harmless by a curative instruction.").

*B. The Forcible Felony Exception Instruction*

The trial court has "broad discretion in formulating appropriate jury instructions." *Dorsett v. State*, 147 So. 3d 532, 534 (Fla. 4th DCA 2013), *approved*, 158 So. 3d 557 (Fla. 2015). We will reverse, however, if the trial court's decision to give a particular instruction results in the "miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury." *Giles v. State*, 831 So. 2d 1263, 1265 (Fla. 4th DCA 2002) (quoting *Barton Protective Servs., Inc. v. Faber*, 745 So. 2d 968, 974 (Fla. 4th DCA 1999)).

5

The forcible felony exception provides that self-defense is not available as a justification if the defendant "[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." § 776.041(1), Fla. Stat. (2018). This exception applies only when the defendant is committing an independent forcible felony separate from the one for which he or she is claiming self-defense. *Giles*, 831 So. 2d at 1265 (explaining that the plain language of § 776.041(1) "indicates that it is applicable only under circumstances where the person claiming self-defense is engaged in another, independent 'forcible felony' at the time"). This is because the instruction essentially negates the defendant's theory of self-defense to the actual crime charged. *See Martinez v. State*, 981 So. 2d 449, 453 (Fla. 2008) ("This circular logic would most probably confuse jurors because the apparent result is that the instruction precludes a finding of self-defense and amounts to a directed verdict on the affirmative defense."). As conceded by the State, the instruction here was erroneous as Appellant was charged with only a single count of aggravated battery.

## Conclusion

With the expectation that the third time's the charm, we reverse and remand for a new trial. Appellant is entitled to this new trial because the trial court abused its discretion in denying Appellant's motions for a mistrial and a new trial based on the admission of improper collateral crime evidence. We further find trial court error in giving the forcible felony jury instruction.

*Reversed and remanded for a new trial.*

TAYLOR and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6