DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND LILLARD, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1387

[March 6, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 2017CF001210A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Raymond Lillard, III, appeals his judgment and sentence for robbery with a deadly weapon while wearing a mask and for possession of a firearm by a convicted felon. We affirm, but we remand for correction of Lillard's sentences.

First, Lillard challenges the trial court's denial of his motion for a new trial, arguing the trial court incorrectly evaluated the sufficiency of the evidence instead of applying the correct analysis for a motion for new trial, whether the greater weight of the evidence supported the verdict. *See generally Velloso v. State*, 117 So. 3d 903, 905 (Fla. 4th DCA 2013). However, Lillard did not object or seek clarification following the trial court's pronouncement of its ruling, so the issue is not preserved for review. *See Knighton v. State*, 290 So. 3d 1035, 1037 (Fla. 1st DCA 2020). Because the trial court's ruling could be fairly interpreted as addressing both the motion for new trial and Lillard's motion for judgment of acquittal, no fundamental error exists, and we affirm on this point. *See id.*

Lillard also argues that his sentences must be corrected to reflect that his mandatory minimum sentences were imposed pursuant to section 775.087(2), Florida Statutes (2016), instead of the inapplicable statutes cited. We agree, and the state concedes error. Accordingly, we remand for correction of the errors, and we note that Lillard need not be present for this correction. *See generally Sirota v. State*, 977 So. 2d 700, 701 (Fla. 4th DCA 2008); *Frost v. State*, 769 So. 2d 443, 444 (Fla. 1st DCA 2000).

As to all other issues, we affirm without further discussion. *See Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022); *Chapa v. State*, 159 So. 3d 361 (Fla. 4th DCA 2015).

*Affirmed and remanded for correction of sentences.*

DAMOORGIAN, CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2