# Third District Court of Appeal
## State of Florida

Opinion filed September 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1725
Lower Tribunal No. F13-23734A
_____

**Aaron Kinley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O and Daryl E. Trawick, Judges.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before GORDO, LOBREE, and BOKOR, JJ.

BOKOR, J.

Aaron Kinley appeals a post-trial order vacating a prior new trial order and reinstating his convictions for manslaughter and second-degree murder. The trial court initially granted the new trial due to having failed to give required jury instructions for justifiable and excusable homicide, but, years later (but before the new trial commenced), reconsidered upon motion after the Florida Supreme Court decided Knight v. State, 286 So. 3d 147, 151 (Fla. 2019) (holding that jury instruction errors are subject to the contemporaneous objection rule and do not amount to fundamental error when "there was no error in the jury instruction for the offense of conviction and there is no claim that the evidence at trial was insufficient to support that conviction"). Relying on Knight, the trial court vacated the prior order granting new trial and reinstated the conviction and sentence.

The issue on appeal addresses whether the trial court had the authority to reconsider the order granting a new trial, or whether the State's only remedy would have been an authorized appeal of the new trial order. We review de novo.[1] Based on a review of the record and the applicable law, we

---

[1] "Although this court typically reviews the denial of motions for new trial under an abuse of discretion standard, the standard becomes de novo if, as a matter of law, the trial court applies the incorrect legal standard in denying the motion." Collett v. State, 28 So. 3d 224, 226 (Fla. 2d DCA 2010).

conclude that the trial court had the authority to reconsider the order granting a new trial, deny same, and reinstate the sentence.[2]

During the pendency of this appeal, the Florida Supreme Court issued its opinion in Morgan v. State, 350 So. 3d 712 (Fla. 2022). In resolving an interdistrict conflict in an analogous context, the Florida Supreme Court approved the Second District Court of Appeal's analysis and focused on the finality of the order sought to be appealed. Specifically, the supreme court concluded that "[t]he trial court—based on a change in the governing law—correctly reconsidered its initial nonfinal order granting Morgan's rule 3.800(a) motion." Id. at 718.

As applied to the facts and procedural posture here, Morgan supports affirming the trial court's authority to reconsider the order on review. The supreme court notes that, while the ultimate relief may be similar, a rule

---

[2] On appeal, Kinley only argues as to the ability of the trial court to reconsider the order granting a new trial. He does not challenge the merits of such order. It is axiomatic that "we are not at liberty to address issues that were not raised by the parties." Anheuser-Busch Cos., Inc. v. Staples, 125 So. 3d 309, 312 (Fla. 1st DCA 2013); see also David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So. 2d 275, 281 (Fla. 2d DCA 2008) (finding any potential issue pertaining to final judgment for attorney's fees and costs waived or abandoned where no argument regarding the issue was made on appeal). Accordingly, we address only the ability of the trial court to reconsider the order granting a new trial, but we do not address the merits of such order, which is outside the scope of our review.

3.800(a) proceeding isn't a postconviction proceeding like a rule 3.850 proceeding. As the supreme court explained:

> Rule 3.850 characterizes motions to obtain relief from sentences as "motion[s] to vacate a sentence." Fla. R. Crim. P. 3.850(b). There is no analogous provision in rule 3.800. Sentences are corrected under rule 3.800(a) as an extended part of the sentencing process in the underlying criminal case. Under rule 3.850, sentences are vacated and then—in a subsequent, separate proceeding—a new sentence is imposed.

Id. at 716. So, once we get past the technical rubric, we have a familiar situation where the ultimate issue comes down to whether the order on review is a final order ending judicial labor. See id. at 717 ("Although we have not previously directly decided the question, we have relied on authority holding that an order granting a rule 3.800 motion is not a final order."). Ultimately, unlike in State v. Jackson, 306 So. 3d 936, 945 (Fla. 2020), which concluded that an order vacating a death sentence was final and couldn't be reinstated based on a change in law, "Morgan's sentence was not vacated. . . . The order granting Morgan's rule 3.800(a) motion was not a final order but left his sentence in place until further action was taken by the sentencing judge." Morgan, 350 So. 3d at 718.

Kinley argues here that because the State was authorized to appeal the order granting a new trial, it became a final order not subject to reconsideration upon the State's election not to appeal. But just because the

4

State could have appealed the order (and we all agree it was an appealable order pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(C)), that doesn't answer the question of whether it was a final order, not subject to reconsideration by the court.

Here, much judicial labor remained to be done. Specifically, the new trial mandated by the reconsidered order hadn't yet occurred. And of course, while the section headers of the criminal rules may not provide a substantive basis for our analysis, they offer a logical life raft. In Morgan, the court explained that:

> Admittedly, rule 3.800 proceedings are commonly referred to as postconviction proceedings, but rule 3.800 is located in the portion of the rules—part XIV (Sentence)—governing the imposition of sentences by sentencing judges, while rule 3.850 is in the part of the rules—part XVII (Postconviction Relief)—relating to postconviction proceedings. Rule 3.850 characterizes motions to obtain relief from sentences as "motion[s] to vacate a sentence." Fla. R. Crim. P. 3.850(b). There is no analogous provision in rule 3.800. Sentences are corrected under rule 3.800(a) as an extended part of the sentencing process in the underlying criminal case. Under rule 3.850, sentences are vacated and then—in a subsequent, separate proceeding—a new sentence is imposed.

Id. at 716. Applying that same logic to our situation, we must come to the same conclusion. A motion for a new trial falls under the portion of the rules—part XII (Post-Trial Motions)—governing the trial, and conceptually occurs before the postconviction proceedings. See Fla. R. Crim. P. 3.580, 3.600.

5

We find additional support for our conclusion in the context of the appellate rules referencing appealability of an order granting a new trial. The title of Florida Rule of Appellate Procedure 9.110 is "Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Nonjury Cases." The title's separation of "Orders Granting New Trial" from certain types of "Final Orders of Lower Tribunals" indicates that an order granting a new trial is something different from a final order. The text of the rule supports this distinction by specifically applying to final orders (rule 9.110(a)(1)), administrative actions as prescribed by statute (rule 9.110(a)(2)), and orders granting a new trial (rule 9.110(a)(3)). We strive, "[w]here possible, [to] give full effect to *all* statutory provisions and construe related statutory provisions in harmony with one another." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992). At the same time, we should give effect to every part of a rule and avoid a reading that would render a part of a rule meaningless. See Goode v. State, 39 So. 461, 463 (Fla. 1905).

Even if we consider that the order granting a new trial itself grants a substantive right, the fact remains that it was not, and still is not, considered a final order. See Frazier v. Seaboard Sys. R.R., Inc, 508 So. 2d 345, 347 (Fla. 1987) (examining history of the committee note to rule 9.110 and

6

explaining that "[n]othing in [Bowen v. Willard, 340 So. 2d 110 (Fla. 1976)] authorized the treatment of orders granting new trials as 'final orders' for purposes of rehearing or for gauging the timeliness of a notice of appeal"); see also Thompson v. Crawford, 479 So. 2d 169, 184 (Fla. 3d DCA 1985) (noting that while an order granting a new trial confers a substantive right, "such an order is not entitled to the same protection as a final judgment" and, further, "it would be nonsensical to hold that a trial court cannot set aside an order granting a new trial where, as in [State v. Burton, 314 So. 2d 136 (Fla. 1975)] the whole basis for granting a new trial (newly discovered evidence) does not, in fact, exist").[3] While the basis here for granting a new trial is a change in law, not newly discovered evidence as in Thompson, the logic

---

[3] The fact that the order creates a substantive right isn't unique to this circumstance, and it doesn't change the analysis of a trial court's ability to reconsider a nonfinal order. For example, a trial court's granting of a nonfinal injunction provides rights and obligations to the parties, is by rule an appealable nonfinal order, see Fla. R. App. P. 9.130(a)(3)(B), and at the same time is subject to reconsideration by the court based on a change in law or circumstance. See, e.g., Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So. 2d 842, 843 (Fla. 3d DCA 2007) (recognizing a trial court's right to modify an injunction); see also Rogers v. State, 296 So. 3d 500, 511–13 (Fla. 1st DCA 2020) (en banc) (B.L. Thomas, J., concurring) (concurring that the trial court may reconsider its motion granting a new trial and providing further examples of appealable nonfinal orders that are nonetheless subject to reconsideration, noting that "[t]o hold otherwise leads directly to illogical and unlawful results"). The law changed, and the trial court reconsidered its prior order to get it right under the new law. To the extent that the prior order granting the new trial granted Kinley a substantive right, that right had not yet vested until the occurrence of the new trial.

7

remains the same. It would create an absurd result if we were to read into the law a prohibition on the trial court's inherent ability to set aside an order that was rendered incorrect based on a subsequent change in law.

Accordingly, the trial court had the inherent authority to reconsider the motion granting the new trial prior to the occurrence of the new trial.

Affirmed.